WESTINGHOUSE ELECTRIC & MFG. CO. v. MONTGOMERY LIGHT & POWER CO.

(Circuit Court of Appeals, Second Circuit. May 3, 1905.)

No. 171.

PATENTS—INFRINGEMENT—ELECTRICAL CONVERTERS.

Infringement of the Stanley patent, No. 469,809, for a system of electrical distribution, *held* not sufficiently established by the ex parte proofs on the hearing of a motion for a preliminary injunction to warrant the granting of such injunction.

Appeal from the Circuit Court of the United States for the Northern District of New York.

For opinion below, see 131 Fed. 86.

A. C. Fowler and M. B. Phillipps, for appellant.
J. Edgar Bull, for appellee.

Before WALLACE and TOWNSEND, Circuit Judges.

PER CURIAM.   The court below granted the order for a preliminary injunction, which is now under review, upon the consideration that the only question open for decision, except that of infringement, in view of the former decision of this court in Westinghouse Co. v. Saranac Lake Co., 113 Fed. 884, 51 C. C. A. 514, was whether the length of the wire in the primary coil of the defendant's transformer is substantially the same as it would be if such length were determined by the so-called "Stanley rule."   In other words, the court held that the defendant's system of electrical distribution infringed the first and third claims of the Stanley patent, whether the length of the primary coil of its transformer had been ascertained by applying the Stanley rule or by some method of which Stanley was not the discoverer.   To this extent we agree with the court below.   The decision of this court in Westinghouse Co. v. Saranac Lake Co. was in effect that Stanley contributed to the prior art the discovery that the automatic and constant regulation of the pressure of the alternating current at the secondary terminals depended upon the co-ordination of the transformer to the generator and the invention that this could be effected by means of a primary wire of suitable length; that the first and third claims of the patent were for combinations which broadly included his invention; and that, because in order to instruct those skilled in the art how to ascertain the length of the primary wire he had formulated in his patent one rule for doing so, the rule was not to be regarded as an element of the combinations.   We are unable, however, to agree with the court below that infringement by the defendant was so clearly established by the depositions used at the hearing as to justify a preliminary injunction.

We are not convinced that in the Wagner transformer used by defendant there is the length of the primary wire required by the Stanley patent, nor that as the primary and secondary coils are disposed in the Wagner transformers the Stanley length would not be destructive of their commercial value.   This is a question of too much difficulty to be decided upon the ex parte opinions of experts.   The depositions deal with an abstruse and recondite subject, and present conflicting theories, which cannot safely be accepted without the searching elucidation which a cross-examination of the experts may afford.   The experts are in flat contradiction upon the question of infringement, and, in view of the large importance of the controversy, the rights of the parties should be reserved for decision until the final hearing of the cause.

The order is reversed.