HALL SIGNAL CO. et al. v. GENERAL RY. SIGNAL CO. et al.

(Circuit Court of Appeals, Second Circuit. April 30, 1907.)

No. 288.

1. INJUNCTION—PRELIMINARY INJUNCTION—SUFFICIENCY OF PROOFS.

It is a cardinal principle of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case, and, unless the court is convinced with reasonable certainty that the complainant must succeed at final hearing, the writ should be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 309.]

2. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The showing on a motion for a preliminary injunction to restrain infringement of a number of unadjudicated patents, relating to electric rail-

way signals, *held* to present too many elements of doubt to warrant the granting of an injunction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 409.

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the Circuit Court of the United States for the Western District of New York.

On appeal from an order made by the Circuit Court for the Western District of New York granting a preliminary injunction restraining the infringement of five letters patent, granted to A. J. Wilson for improvements in electric railway signals. The bill alleges infringement of 53 claims of these patents, but the discussion on this appeal has been limited by stipulation of counsel to the consideration of 6 claims only. The operation of the injunction was suspended pending appeal.

Edmund Wetmore, Howard L. Osgood, J. William Ellis, and Macomber & Ellis, for appellants.

William Houston Kenyon and Henry D. Williams, for appellees.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

COXE, Circuit Judge. It is a cardinal principle of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case. Unless the court be convinced with reasonable certainty that the complainant must succeed at final hearing the writ should be denied. Union Switch & Signal Co. v. Philadelphia R. R. Co. (C. C.) 75 Fed. 1004.

A record, containing 868 printed pages, composed of ex parte affidavits, patents for complicated electrical machinery and a great mass of other matter, much of it, apparently, having remote relevancy to the present issues, has been presented. To reach a clear and satisfactory conclusion upon many of the vital questions involved would, upon such a record, be difficult if not impossible.

The entire aspect of the case may be changed at final hearing and for obvious reasons the discussion of the issues involved should be restricted to the narrowest limits possible.

We have reached the conclusion that a preliminary injunction should not be issued and will briefly state the considerations which have led to this result.

First. The five patents in suit relate to a difficult, complex and abstruse subject, namely, the transmission of signals on railways by electricity. Because of its complicated character and the innumerable details involved it is peculiarly a case where the court should have the benefit of the opinions of those skilled in the art tested and clarified by cross-examination.

Second. The patents have never been adjudicated or judicially construed.

Third. The defendants assert that the patents are invalid for lack of novelty and invention and that the claims of three of the patents are not infringed.

The answer sets up 21 American and eight prior English patents and alleges four instances of prior use. It is also contended that if the patents are sustained the prior art renders a broad construction of the claims impossible.

We do not intend to pass upon these defenses further than to say that we cannot consider them as wholly devoid of merit. On the contrary we have examined the prior art sufficiently to be convinced that it is quite possible that at final hearing the court may feel constrained to limit the claims to a much narrower construction than is now asserted by the complainants. It is enough to say that the patents may emerge from the supreme test of the trial with some of the claims invalidated and others so limited as to avoid infringement.

Fourth. We think the complainants have failed to prove a case of acquiescence which may be regarded as a substitute for an adjudication. There has been no general long continued public acquiescence.

The railroads are the complainants' only customers and for many years The Hall Company's only competitor was the Union Switch & Signal Company. In a technical sense, therefore, there was no public. It is not the case of a patented device going into long continued general use in circumstances which compel the conviction that infringements would have occurred were it not for a settled conviction on the part of those who might profit by infringing that the patent is valid.

It is true that the general policy of the Union Company was not to infringe, but we are not at all convinced that this course was adopted through fear of the Wilson patents.

The Union Company and the Hall Company were active rivals in business, the former advocating and installing the so-called normal safety system and the latter the normal danger system. Every consideration, not only of honesty in competition but of self-interest also, would induce the Union Company to exploit its own system, which it thoroughly understood and in the efficiency of which it had implicit confidence. To assert that its course, which was the natural one for honorable men to adopt, was due solely to the Wilson patents, is, we think, carrying the doctrine of acquiescence beyond the limits set by former adjudications.

Fifth. We are not convinced that the complainants will suffer irreparable damage if the cause be allowed to take the usual course. That the defendants are amply responsible is conceded and if the complainants' contention is sustained and the patents construed to cover broadly the "normal danger system" there should be no difficulty in recovering the full amount of profits and damages.

Sixth. The attitude of the court may be stated in a single sentence: We think the record presents too many elements of doubt to warrant the issuing of a preliminary injunction.

The order is reversed.