### WRIGHT CO. v. HERRING–CURTISS CO. et al.

(Circuit Court of Appeals, Second Circuit. June 14, 1910.)

No. 324.

1. PATENTS (§ 298*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against an alleged infringer of an unadjudicated patent should not be granted where the question of infringement is concededly one of fact as to the operation of defendant's device, and the showing is entirely by ex parte affidavits, which are conflicting.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 478; Dec. Dig. § 298.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Patents (§ 312*)—Infringement—Injunction—Flying Machine.
    A preliminary injunction against infringement of the Wright patent, No. 821.393, for a flying machine, *held* not warranted by the proofs.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 312.*]

Appeal from the Circuit Court of the United States for the Western District of New York.

Suit in equity by the Wright Company against the Herring-Curtiss Company and Glenn H. Curtiss. Defendants appeal from an order granting a preliminary injunction. 177 Fed. 257. Reversed.

This cause comes here upon appeal from an order of the Circuit Court, Western District of New York, granting a preliminary injunction in a bill in equity brought for infringement of a patent. The patent is No. 821,393, issued May 22, 1906, to Orville Wright and Wilbur Wright for a flying machine. The patent has never been adjudicated otherwise than on motion for this injunction and upon a similar motion against another alleged infringer.

Emerson R. Newell (J. Edgar Bull, of counsel), for appellants.
Edmund Wetmore and Williamson & Smith (H. A. Toulmin, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. There is no dispute as to the proposition that the question whether or not there has been infringement of this patent, however broadly it may be construed, depends upon the question whether or not in defendant's machine a tendency to spin or swerve is checked or counteracted by the operation of the vertical rudder. That of course—on its theoretical and on its practical side—is a question of fact. The record before us contains numerous affidavits which were not presented until after original decision and which, as both sides state, were admitted upon motion for rehearing without discussion of their contents by the court, but for the purpose of bringing the case more fully before the Court of Appeals.

In this record, upon the question of fact above stated, there is a sharp conflict of evidence, numerous affiants testifying. All their statements are ex parte affidavits made without any opportunity to test their probative force by cross-examination. Under such circumstances, it seems to us, irrespective of any of the other questions in the case, that infringement was not so clearly established as to justify a preliminary injunction. See decisions of this court in Westinghouse v. Montgomery, 139 Fed. 868, 71 C. C. A. 582; Hall Signal Co. v. General Railway Co., 153 Fed. 907, 82 C. C. A. 653.

The order is reversed, with costs.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes