LOVELL–McCONNELL MFG. CO. et al. v. AUTOMOBILE SUPPLY
MFG. CO. et al.

(Circuit Court, E. D. New York. November 20, 1911.)

1. PATENTS (§ 311*)—SUIT FOR INFRINGEMENT—ISSUES.

In a suit for infringement of a patent, a charge of unfair competition
also, in that defendant has imitated complainant's device in form and de-
sign, is but a phase of the issue of infringement, and not a separate cause
of action.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 541, 542; Dec.
Dig. § 311.*]

2. INJUNCTION (§ 55*)—SUBJECT OF INJUNCTION—CIRCULAR INTENDED TO AF-
FECT RIGHTS INVOLVED IN PENDING LITIGATION.

A trade circular, issued by the defendant in a pending suit for in-
fringement, asserting that its device is not an infringement, and that com-
plainant's patent is not valid, and containing cuts of prior devices claim-
ed to anticipate, is an unwarranted attempt to influence the trade in ad-
vance of the court's decision, and will be enjoined.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 108, 109;
Dec. Dig. § 55.*]

3. PATENTS (§ 294*)—SUIT FOR INFRINGEMENT—MOTION FOR INJUNCTION TO
RESTRAIN MULTIPLICITY OF SUITS.

The intervention of equity by injunction to prevent a multiplicity of
suits cannot be invoked by motion in a patent suit, except in so far as
the threatened litigation might interfere with the jurisdiction of the court
in the pending suit itself, but is a matter for a separate suit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 473; Dec. Dig.
§ 294.*]

4. PATENTS (§§ 296, 297*)—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNC-
TION.

Where complainants' case is not apparently complete to the point of
reasonable certainty from any line of attack, a preliminary injunction
should not be granted in an infringement suit without prior adjudica-
tion or complete recognition by acquiescence equivalent to estoppel.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 476, 477, 481–
488; Dec. Dig. §§ 296, 297.*

Grounds for denial of preliminary injunction in patent infringement
suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

5. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—AUTOMOBILE HORN.

A preliminary injunction against infringement of the Hutchison pat-
ents, Nos. 923,048, 923,049, and 923,122, relating to automobile horns,
denied on the ground that the showing made did not establish validity
or infringement with sufficient certainty in view of the defenses pleaded.

In Equity. Suit by the Lovell-McConnell Manufacturing Com-
pany, the Hutchison Electric Horn Company, and Miller Reese Hut-
chison against the Automobile Supply Manufacturing Company and
Louis Rubes, president. On motion for preliminary injunction. Mo-
tion denied.

George C. Dean (Thomas J. Johnston, of counsel), for complain-
ants.

C. A. L. Massie and Ralph L. Scott, for defendants.

CHATFIELD, District Judge. The complainants allege ownership
of, and right to manufacture and sell under (through various partial

and limited assignments by the patentee Miller Reese Hutchison), three patents, No. 923,048, May 25, 1909, No. 923,049, May 25, 1909, and No. 923,122, May 25, 1909.

[1] The defendants are charged with infringement. The present motion is for preliminary injunction, but has been complicated by other motions on the part of both defendants and complainants with respect to alleged unfair advertising and threatened litigation. The complainants now charge also unfair competition, in that it is alleged that the defendants' device is an exact imitation of the complainants' in form and design. The scope of the suit disposes of the latter question. The rights involved are those concerned with the patents alone, and the similarity of the product of the complainants and defendants is but a phase of the issue of infringement.

The first motion, brought by the defendants to prevent the complainants from prosecuting a number of actions already started, and the bringing of many more actions against dealers, most of whom were licensees of the complainants, was disposed of without complete determination by an order directing the complainants not to interfere with the future action of this court in the present suit, nor to anticipate the results of this litigation by pushing suits to the point of onerous burden against the trade generally; and by a direction that the present action should be expedited, while the numerous suits threatened should not be carried beyond the point of serving process, where the only result would be to interfere with the complete disposal of the present action.

The next motion had to do with the action of the defendants in publishing a circular and generally notifying the trade that their horns were not infringements of the complainants' patents and that the complainants' patents were not valid.

[2] The circular in question contains sketches purporting to show the devices or principles of the few patents which seem to be really urged against the validity of the complainants' patents in suit. This circular has been attacked as intentionally misleading; and while the use of the patents set forth, in the manner in which they are presented in this circular, would not be objectionable in a brief or if used in an argumentative way to the court, it was held upon the motion that such a circular could not but influence the trade more or less in anticipation of the ultimate decision in the action itself, and that such an attempted trial of the issues before the public should not be had, when the rights of the parties to the action were plainly affected thereby.

[3] On the other hand, it was held that the intervention of equity to prevent multiplicity of suits could not be invoked upon a motion in the patent action, except in so far as this extensive litigation might interfere with the jurisdiction of this court in the suit itself; nor could the action of the defendants in presenting their claims to the public be enjoined in this suit, except in so far as those actions were a contempt of this court's jurisdiction by, in a measure, endeavoring to render nugatory its decision when the decision might be made, if the decision should be adverse to the defendants.

For this reason the circular in question was ultimately ordered discontinued, it being apparent that even if the defendants should obtain a decree, either upon the grounds of noninfringement or invalidity of patent, that in the meantime this court's freedom of action and the proper conduct of the parties before it were plainly affected by the contents of the circular above referred to.

Another motion, relating to extensive use by the complainants of a circular setting forth a statement of their position and intentions with respect to the attempted prosecution of infringers, in a manner that would not affect the court unless they were unable to substantiate the statements therein contained, but which was prefaced by a statement that it had already been approved by this court, when, in fact, the court upon presentation merely returned it with an intention of indicating that approval or disapproval, in the absence of the defendants' counsel, could not be expressed; but saying that the circular did remedy the objections found in a certain previous circular already passed on by the court. This resulted in an order directing the suppression of any such statement of approval, and at that point both parties to this litigation were directed to refrain from the dissemination of any new literature. The complainants were directed, if they wished, as they stated, to bring on a motion for preliminary injunction, to do so at once. The present motion is the result, and more than usual effort was expended thereon; some three days being taken for the argument alone.

A reading of the patents in suit indicates the possibility of contention between the parties. These claims number 125, and, with one exception, have to do with the various statements of Hutchison's alleged inventions in the construction of a device for giving a loud, quickly noticeable and effectively impulsive horntone, for a signal to individuals that an automobile was demanding their attention.

The defendants' device is substantially similar in form to one pattern of the complainants' horn, and, while the question of infringement is contested, less defense is made on that ground than by an attack upon patentability and by claiming anticipation as to the patents themselves. The patent has to do with a device for the production of sound in the horn described by the violent and outwardly-propelled vibration of a diaphragm, which by the rebound, and by continued vibrations thereafter, with frequent repetition of the propulsive force, harmonized or adjusted according to frequency and wave lengths (the force being furnished by the use of a rotary electric motor), and with the possibility of more or less free vibration beyond the precise movement of the propelling means when in contact, causes a similar movement of the column of air in the resonator and horn. The claims involve most intricate applications of many principles of acoustics and also an exceedingly difficult determination of the action of a diaphragm, as distinguished from the radiating sound waves transmitted by a sounding board, which correspond in frequency to the sound or blow causing the vibrations, and are not like the forward and back movement of a column of air under the influence of the in and out propulsion of the diaphragm.

Other patents referred to in the circular above described and urged upon the motion raise a difficult question as to the results of bending or palpitating a diaphragm by means of a tapping blow or the twisting of a lever point attached to the diaphragm itself, and the teaching or disclosure of those patents with respect to the making of a sound instrument like the horn of the present patents.

The horns in question, in the form under consideration, and used by both parties, force the diaphragm out, and cause the repeated vibrations by a direct thrust by each of a number of cams carried upon a shaft actuated by the rotary motor. These cams impart a thrust at right angles to the plane of the diaphragm, and the possibility of the free vibration beyond the thrust of the diaphragm is claimed by the complainants to be one of the essential discoveries and patentable features of their invention, in connection with the application of adjustment in speed and power so as to bring about a harmony or constant ratio of sound producing vibration at all applications of power and at all stages of rotation of the motor, if the normal speed be sufficient to actuate the device.

Many other questions were argued and presented by each of the litigants. The argument of the motion took the form of a trial, to a greater or less extent, by the use of illustrative devices, with which experiments were had to the point of the actual presentation of testimony to the court, and the affidavits presented were used in such a way that they were in many respects equivalent to examination and cross-examination.

The result has been that a consideration of these cases and an attempted effort to seriously weigh the case of the complainants from the standpoint of the presumption afforded by the patents, aided by complete acquiescence for the limited time that the patents have been in existence (even to the extent of voluntary cessation of manufacture on the part of some alleged infringers, and the continued opposition of no defendant until the present suit was brought), with a consideration of the affidavits, devices, and papers submitted on this motion, the issues raised by the points of variance or difference in the defendants' construction, which are claimed to avoid the charge of infringement, the patents cited as anticipatory, and further the question of patentability, which is seriously denied and opposed by both affidavits and illustrative experiments, lead the court to feel that a determination of this motion is in effect a final hearing, if that determination be in the form of a preliminary injunction. Whether or not a preliminary injunction might be advantageous in every case where the court may have more or less reason to suppose that the patent will be declared valid and infringement found, or even upon the presumption of validity furnished by the issuance of the patent, has been answered in the negative, by the interpretation by the courts of the language of Revised Statutes, § 4884 (U. S. Comp. St. 1901, p. 3381), which grants exclusive use for the statutory period.

The Court of Appeals of this circuit has declared, so recently as in the cases of Wright Co. v. Herring-Curtiss Co., 180 Fed. 110,

103 C. C. A. 31, and Wright Co. v. Paulhan, 180 Fed. 112, 103 C. C. A. 32, that, if infringement is denied and an issue raised, preliminary injunction should not be granted unless with reasonable certainty the court can determine that all defenses will be invalid, or that "the complainant must succeed at final hearing." Hall Signal Co. v. General Ry. Signal Co., 153 Fed. 907, 82 C. C. A. 653. In the last case cited infringement was not the only issue submitted to this test, and in Wright Co. v. Paulhan, supra, the lower court not only considered the issue of infringement, but, disposing of that with such definiteness as to indicate that in its opinion no ground for the defense existed, went on and discussed at length the questions of patentability and anticipation. But the Circuit Court of Appeals, in evident disapproval of the determination and consideration of such questions upon an application for preliminary injunction, reversed the decision of the lower court, and has substantially directed that cases proceed as rapidly as possible to final hearing, and that motions for preliminary injunction, involving either serious questions of infringement or difficult determinations of patentability and similar defenses, should not be granted upon the investigation of the court of the various letters patent, affidavits and models submitted, but should be reserved for final hearing, if the contention of the defendants be of sufficient strength, on any of the grounds urged, to indicate that at final hearing any issue might be defended to the point of causing the court to consider again or further the result of the action as expressed by the finding upon preliminary motion.

[4] In other words, where the complainant's case was not apparently complete to the point of reasonable certainty from any line of attack, preliminary injunction should not be granted without prior adjudication or complete recognition by acquiescence equivalent to estoppel.

One further claim of the complainants' patents, alleging invention of a method of producing the sound in question (claim 37 of patent No. 923,048), not only involves all of the questions presented upon the device or combination claims, but is attacked as well as being nothing beyond the description of a function or the operative result of using the device described in the patent.

An issue such as that suggested with respect to this claim cannot be disposed of on preliminary injunction with even as much facility as the questions involving the other claims of the patents in suit. In the case of Marchand v. Emken, 132 U. S. 195, 10 Sup. Ct. 65, 33 L. Ed. 332, a method of stirring a substance producing hydrogen peroxide, while cooling, was held invalid as not covering patentable subject-matter, and the issue involved as to the application or nonapplication of the decision cited to the questions presented on the claim referred to form an additional reason why a determination of apparent validity or invalidity of that claim, and hence of the complainants' patents, as applied to the method of producing the alarm sought to be covered thereby, should not be had on preliminary injunction.

An alleged prior use by one McMurtry of a horn having a dia-

phragm actuated by means of a spring snapped against the wear piece of the diaphragm is also urged in such a way as to raise an issue of fact as well as the necessity of considering it on the question of prior use, and furnishes an additional objection to determination on this motion.

[5] So many other questions have been presented and could be stated, even in this opinion, that it is best to carry the discussion no further. The delay involved and the time already used by the court in consideration of the motion renders it necessary to hold that the motion for preliminary injunction should be denied, and all questions reserved for final hearing. The parties seem to be responsible to a reasonable degree and danger of loss to the complainants if they are diligent is not conclusively shown, even assuming that they are finally successful.

In order to prevent recurrence of motions similar to those relating to the matters of advertising and threatened suits, the complainants will be enjoined from any action which will embarrass the defendants or their customers in bringing this suit to a prompt and complete determination upon the merits, and this injunction will include such institution or prosecution of litigation in other districts as will apparently be for the purpose of intimidation or punitive effect alone. The defendants will be enjoined from circulating, in the same or similar form, the contents of the circular known as "The Truth and Facts," set forth in the moving papers, or from attempting to present to the public and to their customers their views or statements of the evidence already before the court in the present action, in order that, if the complainants should ultimately prevail, the trial of this action will not be affected thereby in matters to which the decree of the court cannot effectively reach.