GAMEWELL FIRE ALARM TELEGRAPH CO. v. STAR ELECTRIC CO.

(District Court, N. D. New York. September 25, 1912.)

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FIRE ALARM APPARATUS.
    A preliminary injunction against infringement of the Ruddick patent No. 553,873, for a noninterfering signal apparatus, denied, where the validity and scope of the patent and infringement were all in issue, the patent would expire in six months, and the defendant was financially responsible.

2. PATENTS (§ 303*)—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    In an infringement suit, the complainant's case should be reasonably free from doubt on every question necessary for him to establish in order to obtain the relief demanded, to entitle him to a preliminary injunction, and should be established other than by ex parte affidavits, where their essential allegations are controverted by others of the same character and substantially equal credibility.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 496–498; Dec. Dig. § 303.*]

In Equity. Suit by the Gamewell Fire Alarm Telegraph Company against the Star Electric Company. On motion for preliminary injunction. Denied.

See, also, 199 Fed. 188.

Edmonds & Edmonds, of New York City (Samuel Owen Edmonds and Dean S. Edmonds, both of New York City, on the brief), for complainant.

Hinman, Howard & Kattell, of Binghamton, N. Y., and Offield, Towle, Graves & Offield, of Chicago, Ill., for defendant.

RAY, District Judge. The complainant in its bill of complaint alleges infringements by the defendant of two patents owned by the complainant for noninterference fire alarm signal boxes, viz., patent No. 553,873, dated February 4, 1896, applied for June 28, 1890, for "noninterfering signal apparatus," issued upon the application of John J. Ruddick, and known as the "Ruddick" or "later Ruddick" patent, and patent No. 553,839, issued upon the application of Frederick W. Cole. The bill of complaint charges, as do the moving papers, that the defendant has made two types of infringing boxes. The defendant's reply papers assert that the defendant has made but one of these two types of boxes. For the purposes of this motion, therefore, the complainant accepts this assertion, and presses the motion for a preliminary injunction with respect to the type of box which the defendant admits it has made and sold. As this type of box is claimed to infringe the Ruddick patent, No. 553,873, only, the complainant now bases its motion upon the validity and alleged infringement of said Ruddick patent only. This Ruddick patent, as well as the Cole patent referred to, were adjudged valid in a suit between the Gamewell Fire Alarm Telegraph Company, the present complainant, and Mayor and Council of City of Bayonne, N. J., defendants, January 25, 1912 (see 194 Fed. 147), and both patents were held infringed. It is not denied that the then existing Star Electric Company, of Binghamton, N. Y.,

assumed, took part in, and managed the defense of that action; but it is denied, and I think the papers show, that the present Star Electric Company, of Binghamton, N. Y., the defendant here, had no part in the defense of that action, and therefore is in no way bound by the decree in that action.

In another action for infringement of the said Ruddick patent, brought by the same complainant against the Hackensack Improvement Commission (199 Fed. 182), Judge Cross again held the patents valid and infringed, and it is contended on the part of the complainant here that the present defendant assumed the defense in that case, and admitted infringement of the Ruddick patent by making and selling the fire alarm signal box now complained of. The defendant here, the present Star Electric Company, absolutely denies this, and by an amended answer has put this question squarely in issue, as well as the validity of the said Ruddick patent, if construed so broadly as to cover the structure complained of and also denies infringement. The validity of the said Ruddick patent is in issue, as well as the question of infringement, and after carefully considering affidavits presented on both sides I cannot hold that this defendant has ever admitted the validity of the Ruddick patent or infringement, or that there has been any adjudication whatever against this defendant in favor of this complainant to the effect that the Ruddick patent is valid, or that the structure complained of is an infringement thereof, if valid.

[1] The complainant's printed brief on this motion contains 122 printed pages. The defendant's brief filed on this motion after two days' argument contains at least 300 typewritten pages, equivalent to more than that number of printed pages. The affidavits and other papers filed and used on the motion are correspondingly lengthy, and I am not prepared to say that either the moving or answering papers or briefs of counsel contain extraneous matter. There is absolute conflict between the complainant and the defendant both on the questions of the validity of the Ruddick patent in suit and the proper construction thereof and the question of infringement. I am not inclined to decide these questions at issue between the parties on conflicting affidavits. The present defendant, Star Electric Company, is the successor of a former corporation of that name; but its stockholders and officers are wholly different, or substantially so, and it may not be bound by either of the decrees in the former litigations referred to. It is contended, however, by the complainant, that this court should accept and follow the decision of the District Court in the District of New Jersey on both questions, even assuming that the present defendant was not a party or privy in those cases.

In this case the defendant corporation was organized in July, 1910, to purchase, and did purchase, the assets of the old corporation, Star Electric Company, which became a bankrupt, and has been in business ever since. There is no claim or pretense that it is insolvent, or that it is or will be unable to respond to any judgment or decree for damages, or profits, or both, that complainant may secure against it. The Ruddick patent will expire in February, 1913. An injunction is not of paramount importance to the com-

plainant. If granted, it would result in shutting down and closing the defendant's business; and, if it should turn out that the complainant is not entitled thereto, vast and irreparable damage would be done the defendant, while, on the other hand, if refused at this time, and complainant succeeds in the action, it will be fully compensated in damages. The defendant can be compelled to keep an account of all boxes made, and of all made and sold, so that damages and profits will be of easy ascertainment. I entertain the highest respect for Judge Cross and the soundness of his judgment; but the defendant contends that it has presented new facts and new evidence, not presented to or considered by that learned judge in the cases referred to, and also contends that really the question whether the type of box now in controversy infringes was never considered by him. I think this is true, as the complainant avers that in the Hackensack Case the infringement was conceded by this defendant, while this defendant denies that allegation.

Conceding the patent to be valid, we still have the question of its proper construction, and whether or not it covers the device now made and sold by the defendant, and here there is great doubt in any event. In Scott v. Lazell (C. C.) 169 Fed. 661, it was held that a preliminary injunction to restrain alleged infringement of a patent should not be granted, when the question of infringement is in serious doubt. And in Wright Co. v. Herring-Curtiss Co., 180 Fed. 110, 103 C. C. A. 31, reversing the order of the Circuit Court, 177 Fed. 257, it was held that a preliminary injunction against an alleged infringer of an unadjudicated patent should not be granted, when the question of infringement is concededly one of fact as to the operation of defendant's device, and the showing is entirely by ex parte affidavits, which are conflicting. Here there has been an adjudication as to the validity of the patent in suit in two cases, but both by the same judge, and one of these cases is now pending and undetermined on appeal to the Circuit Court of Appeals. There was no real question presented to the court in either of those cases for its determination whether the device now in question constitutes an infringement.

[2] My opinion is that preliminary injunctions should not be granted, when the validity of the patent is conceded, but there is serious doubt as to the existence of the infringement alleged. A party is not entitled to an injunction for the reason he has a valid patent, but for the reasons he has a valid patent and that the defendant plainly infringes his rights thereunder and protected thereby. When there is serious doubt of the existence of both these facts, or either, a preliminary injunction should not be granted. In short, the complainant's case should be reasonably free from doubt on every question necessary for him to establish, in order to obtain the relief demanded, and the case should be established other than by ex parte affidavits, where their essential allegations are controverted by others of the same character and of substantially equal credibility. In Wright Co. v. Herring-Curtiss Co. et al. (C. C. A. 2d Circuit, Lacombe, Coxe, and Noyes, JJ.)

180 Fed. 110, 103 C. C. A. 31, the court, in reversing the order for a preliminary injunction, said:

"In this record, upon the question of fact above stated, there is a sharp conflict of evidence; numerous affiants testifying. All their statements are ex parte affidavits, made without an opportunity to test their probative force by cross-examination. Under such circumstances, it seems to us, irrespective of any of the other questions in the case, that infringement was not so clearly established as to justify a preliminary injunction. See decisions of this court in Westinghouse v. Montgomery, 139 Fed. 868, 71 C. C. A. 582; Hall Signal Co. v. General Railway Co., 153 Fed. 907, 82 C. C. A. 653. The order is reversed, with costs."

The motion is denied, on condition defendant keeps an accurate account of all signal boxes made, and of all sold, with name of purchaser, and date when sold, and price for which sold.

So ordered.