WRIGHT CO. v. HERRING–CURTISS CO. et al.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 78.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—FLYING MACHINE.

The Wright patent, No. 821,393, for a flying machine, is valid, covers an invention of a pioneer character, and is entitled to a liberal construction; also *held* infringed.

2. PATENTS (§ 235*)—INFRINGEMENT—MACHINE.

A machine that infringes part of the time is an infringement, although it may at other times be so operated as not to infringe.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 371; Dec. Dig. § 235.*]

Appeal from the District Court of the United States for the Western District of New York.

Suit in equity by the Wright Company against the Herring-Curtiss Company and Glenn H. Curtiss. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 204 Fed. 597.

This cause comes here upon appeal from an interlocutory decree of the District Court, Western District of New York, upholding the validity of a patent and finding infringement thereof by defendants. The patent is No. 821,393, issued May 22, 1906, to Orville and Wilbur Wright for a flying machine. The claims in controversy are Nos. 3, 7, 14, and 15.

E. R. Newell and J. Edgar Bull, both of New York City, for appellants.

H. A. Toulmin, of Dayton, Ohio, and F. P. Fish, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. .[1] The questions presented in this case have already been fully discussed. In the case at bar Judge Hazel wrote an opinion, upon granting preliminary injunction, which will be found in 177 Fed. 257. Upon appeal from that decision this court filed a brief memorandum. 180 Fed. 111, 103 C. C. A. 31. Subsequently in a suit by the same complainant against a different infringer Judge Hand elaborately discussed the questions. Wright v. Paulhan (C. C.) 177 Fed. 261. The opinion of Judge Hazel at final hearing, now here for review, will be found in 204 Fed. 597. As we are in full accord with the reasoning by which he (and Judge Hand) reached the conclusions that the patent in suit is a valid one, that the patentees may fairly be considered pioneers in the practical art of flying with heavier-than-air machines, and that the claims should have a liberal interpretation, it seems unnecessary to add anything to what has been already written. That the third claim, when liberally construed, has been infringed, seems too plain for argument.

[2] As to the other claims, in which the vertical rear rudder is an element, we are satisfied from the testimony, as was the court below, that during some parts of their flight defendant's machines use the rudder synchronously with the wings, so that by their joint action lost balance may be restored, or a threatened loss of balance be averted. Such use of the rudder constitutes infringement, and a machine that infringes part of the time is an infringement, although it may at other times be so operated as not to infringe.

Touching the question of the sufficiency of notice as a basis for damages and profits, under section 4900, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 3388), we are of the opinion that the notice to Glenn H. Curtiss was sufficient, not only for himself, but also to charge the corporation, which he thereafter organized to exploit his machine and of which he was an officer.

The decree is affirmed, with costs.