MECCANO, Limited, v. JOHN WANAMAKER, NEW YORK.

(Circuit Court of Appeals, Second Circuit.   April 15, 1918.)

No. 40.

1. PATENTS ⬅328—VALIDITY—INFRINGEMENT—MECHANICAL TOY.
     Patent No. 1,079,245, for perforated plates used for constructing working models in toys, *held* invalid.
2. TRADE-MARKS AND TRADE-NAMES ⬅95(1)—INFRINGEMENT SUIT—PRELIMINARY INJUNCTION.
     Where, in a suit for infringement of a patent for perforated plates for mechanical toys and for infringement of copyrighted manuals of instruction for making toys as well as for unfair competition, the patent was found to be invalid, the case must be very clear to justify a preliminary injunction on other grounds.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. TRADE-MARKS AND TRADE-NAMES ☞95(1)—UNFAIR COMPETITION—INJUNC-
TION.

> Where complainant's patent for one feature of a mechanical toy outfit
> was invalid, it is not entitled to a preliminary injunction, restraining de-
> fendant from selling similar outfits under a different name and in pack-
> ages which did not simulate those of complainant, though the manuals
> of instruction for making the toys furnished with the outfit sold by de-
> fendant were, in the very nature of things, more or less like those of
> complainant, which were copyrighted.

4. TRADE-MARKS AND TRADE-NAMES ☞75 — UNFAIR COMPETITION — WHAT
CONSTITUTES.

> Where complainant's patent for one feature of a mechanical toy out-
> fit was invalid, a merchant may urge the sale of a competing outfit on
> which he derived more profit, so long as he does not sell it to purchasers
> as complainant's outfit.

> Learned Hand, District Judge, dissenting.

Appeal from District Court of the United States for the Southern
District of New York.

Suit by Meccano, Limited, against John Wanamaker, New York.
From an order granting a preliminary injunction (241 Fed. 133), de-
fendant appeals. Order reversed.

See, also, 250 Fed. 250, —— C. C. A. ——.

J. Chester Johnson and Pliny W. Williamson, both of New York
City (H. A. Toulmin, of Dayton, Ohio, of counsel), for appellant.

C. A. L. Massie and Ralph L. Scott, both of New York City (Reeve
Lewis, of Washington, D. C., of counsel), for appellee.

Before WARD and ROGERS, Circuit Judges, and LEARNED
HAND, District Judge.

WARD, Circuit Judge. [1] The bill in this case charges the de-
fendant, which is a seller only: First, with infringement of United
States letters patent No. 1,079,245 for perforated plates to be used
in constructing working models in toys; second, for infringement of
the manuals of instruction as to making toys out of the perforated
plates in connection with angle pieces, wheels, and fastening devices,
sold with each outfit copyrighted, one on June 22 and the other on
August 14, 1911; third, with unfair competition in connection with
the sale of the American Model Builder outfits. A similar bill was
filed in the Western Division of the Southern District of Ohio against
the manufacturer of the American Builder outfit and its Eastern sales
agents who supplied the present defendant with it. It was so pro-
ceeded in that case that the patent was held valid and infringed, the
copyrighted manuals infringed, and the defendant guilty of unfair
competition. The opinion is reported in (D. C.) 234 Fed. 912. The
District Judge, following very naturally the adjudication of the Dis-
trict Court in Ohio, granted a preliminary injunction, and this is an
appeal from that order.

Upon appeal to the Circuit Court of Appeals in the Ohio case the
decree was reversed so far as it held the patent valid, and affirmed as
to copyright infringement and unfair competition. It is reported in
246 Fed. 603, 158 C. C. A. 573.

We concur fully with the opinion of the Circuit Court of Appeals for the Sixth Circuit as to the invalidity of the patent, and think it unnecessary to do more than to refer to it on that point.

[2, 3] To justify a preliminary injunction on the other grounds the case ought to be very clear. Wright Co. v. Herring-Curtiss Co., 180 Fed. 110, 103 C. C. A. 31. Upon the question of copyright infringement and unfair competition, we think the case not clear. The District Judge said:

"I do not think the books containing plates or the covers or other ornamentation of the catalogues of the defendant are sufficiently similar to those of the complainant to mislead the public, but the appearance of the plates themselves and the system of construction have been so deliberately taken from the complainant that they are misleading, and come within the decisions of Enterprise Co. v. Landers [C. C.] 131 F. R. 240; Yale & Towne Co. v. Adler, 154 F. R. 37 [83 C. C. A. 149]; Rushmore v. Manhattan Works, 163 F. R. 939 [90 C. C. A. 299, 19 L. R. A. (N. S.) 269]; Prest-O-Lite Co. v. Davis, 215 F. R. 349 [131 C. C. A. 491]."

The complainant cannot obtain a monopoly for all time of perforated plates of the lengths having equidistant holes and intervening spaces which it first used. These are functional features of the units of construction which any one is at liberty to use. Of course it cannot claim a monopoly of constructing the particular models or toys which it has made, as, for example, wheelbarrows, bridges, cranes, Ferris wheels, trucks, etc.

Assuming that the public associates plates of this description with the complainant as a source, and that there is likely to be confusion because of similarity of the outfits, it is a question whether it is entitled within the decision of the Supreme Court in Singer Co. v. June, 163 U. S. 169, 16 Sup. Ct. 1002, 41 L. Ed. 118, to more protection than that outfits made by others should be advertised and sold as the product of the makers under names and in packages which do not simulate the complainant's. This is true of the outfits which the defendant sells. The name of the complainant's is "Meccano" and of those sold by the defendant "American Model Builder." They are advertised as made by the American Mechanical Toy Company, and sold in dissimilar packages. So in the nature of things, the constructing elements and the things constructed being the same, the plates illustrating them and the instructions contained in the manuals furnished with the two outfits must be more or less alike. All that should be required of other makers is to do independent work.

[4] When it comes to the charge of actually palming off, the evidence is insufficient to justify a preliminary injunction. The defendant has of course the right to sell as much as it can of the outfit which gives it the greatest profit, and to press that outfit upon its customers as against the other. The testimony of Patterson, one of the defendant's employés in Philadelphia, on which the complainant relies, goes no further than this. As to the Koenig sale in Philadelphia in 1912 and the Scott and Lewis incident in New York in 1916, it is to be observed that in each case the purchaser asked for the American Builder models and got them. In the former case it is said the salesgirl described the American Builder as the new "Meccano" to Koenig, and

in the latter the salesgirl by perhaps an error in the sales slip described it as "Meccano." The American Model was not palmed off on the purchaser as the Meccano in either case.

The order is reversed.

LEARNED HAND, District Judge (dissenting). The plaintiff, by the Ohio decree which has been affirmed, has now established its right to terminate Wagner's competition. The decree not only creates this right, but imposes an obligation upon Wagner with the usual sanctions. Wanamaker now knows of the decree, for the plaintiff has laid it as part of the gist of this suit, as the basis of its relief herein. Whenever in the future Wanamaker orders toys from Wagner it will solicit a sale which is in direct violation of the decree. If the order be given within the territory of the Ohio court it will be a contempt of the decree, as well as Wagner's sale. Outside of that territory it will be no less a violation of the rights of the plaintiff, quite independently of how we might ourselves view the transactions out of which the Ohio decree proceeded. I apprehend that it makes no difference whether the obligation which a third party procures the obligor to violate be created by judgment or by contract; any one who contributes to that violation commits a tort. As to the toys which it buys of Wagner, Wanamaker, therefore, will commit such a tort against the plaintiff in the future, and should be enjoined, regardless of what relief we might have given the plaintiff upon the same state of facts.

Of course, as we held in the earlier case, Wanamaker must have its day in court upon its own right to make and sell the toys or to buy them of others. The Ohio decree is in no sense an estoppel against Wanamaker, and we may not enjoin it on the principle of an estoppel; it has never been heard, and it must have its hearing. But so far as the facts appear at present it is only buying its toys of Wagner, and I think the plaintiff has established its right by the mere force of that decree to prevent Wanamaker from inducing Wagner to violate it. This question we reserved in the earlier decision, it comes up now and cannot be avoided; I would solve it in the plaintiff's favor.

Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, is a case of somewhat the same character. There Eldred, a patentee, sued Kessler, who succeeded on the issue of noninfringement. Later he sued one of Kessler's customers in another district, and Kessler was forced to intervene and protect him. While that suit was pending Kessler sued Eldred to procure a general injunction against him from litigating again the issues determined between them in the original suit, and the court enjoined Eldred. It seems to me there is no substantial difference between Kessler's right in that case, which was his "good-will" ("universitas"), and the specific right established in this case in the plaintiff's favor against Wagner.

I dissent.