## STEINFUR PATENTS CORPORATION v. ICELAND FUR DYEING CO., et al.

### No. 4939.

District Court, E. D. New York.

June 16, 1930.

Edward M. Evarts, of New York City, for plaintiff.

Alexander A. Mayper, of New York City (W. Brown Morton, of New York City, of counsel), for defendants.

BYERS, District Judge.

This is a motion for a preliminary injunction in a patent infringement suit.

The validity of the plaintiff's patents was established in the case of Stein Fur Dyeing Co., Inc. v. Windsor Fur Dyeing Co., Inc., 31 F.(2d) 128, decided in this court, and more particularly set forth in a decree bearing date March 29, 1929, the number of the cause being equity No. 3315.

The affidavits upon which this motion is based were verified between April 30th and May 5th, 1930, both dates inclusive, and the bill of complaint was verified on April 25, 1930, and filed in this court on April 29, 1930.

The plaintiff's patents are No. 1,564,378, covering "an improvement in bleached and dyed furs and the like," dated December 8, 1925, and No. 1,573,200, covering "process for bleaching and dyeing furs and the like," dated February 16, 1926.

The moving affidavits allege that on April 10, 1930, the affiant Jaches purchased, at the place of business of Nathan Kreiman, skins bleached or bleached and dyed by Iceland Fur Dyeing Company, the corporate defendant above named; this purchase was made as a result of a request made by the affiant at the said place of business for skins bleached or bleached and dyed by the said corporation.

The particular skins constitute Plaintiff's Exhibits 5, 6, and 7, and bear a stamp reading "Iceland" inclosed in a circular device containing a pictorial representation of a bird in flight, and, in the said moving affidavits, it is alleged that these skins bear on their leather sides the stamp in indelible ink of Iceland Fur Dyeing Company, a defendant in the above-entitled action.

The skins forming the subject of this purchase were offered on the argument for the preliminary injunction, together with the invoice which evidences the sale.

The remaining affidavits set forth somewhat extensively that these skins were bleached or bleached and dyed by a process which infringes the plaintiff's patents.

The fact of infringement is set forth by the chemist who made an analysis of the three said exhibits for the purpose of this application. The chemist in question is one Allen E. Rogers, the son of Allen Rogers, in charge of industrial chemistry at Pratt Institute in this city, whose affidavit alleges that the analysis made by his son, Allen E. Rogers, was conducted under his supervision. The senior Rogers was a witness on the trial of the case in which the validity of the plaintiff's patents was established, and, upon this application, he gives it as his opinion that the said exhibits were unquestionably made by a process which constitutes infringement of both the product and process patents.

The answer to the bill of complaint was filed on June 5, 1930, and is unverified, and there are no answering affidavits.

The opposition to this motion, as stated on the oral argument and in the defendants' brief, is confined to the assertion that there is no sufficient allegation that these defendants are infringing the plaintiff's patents; in other words, there is no assertion, for present purposes, that the patents are not valid; nor could there well be, in view of the litigation above referred to.

Having in mind the difficulty of penetrating the defendants' business establishment and there posting an observer who could testify to what he had seen with regard to the alleged infringement, it must be apparent that the plaintiff has at least gone to the extent of making out a prima facie case, in the absence of any denial on the part of the defendants.

The Plaintiff's Exhibits 5, 6, and 7 have been available to the defendants for inspection, and yet there is no denial that the stamp on the leather side of the skins is that of the defendant corporation, or that the skins themselves were treated by the defendant corporation or sold to Kreiman who, in turn, sold them to the plaintiff's affiant.

The authorities referred to by the defendants have been examined. The case of Gamewell Fire Alarm Telegraph Co. v. Star Electric Co. (D. C.) 199 F. 185, involves the denial of a motion for preliminary injunction where the validity and scope of the patent and infringement were all at issue, and the patent would expire in six months, and the defendant was financially responsible. The reason stated by the court for denying the motion was the presence of serious doubt of the existence of both the validity of the patent and plain infringement on the part of the defendant. In that case answering papers were filed.

In A. B. Dick Co. v. Barnett (C. C. A.) 277 F. 423, there was no question of the identity of the defendant as a possible in-

fringer, and the court seemed to be of the opinion that the granting of the preliminary injunction in that case might destroy the status quo of the pending suit. No such element appears in the present controversy, if it can be termed that, in view of the defendants' willingness to rest on the plaintiff's papers.

In Eskimo Pie Corporation v. National Ice Cream Co. (D. C.) 20 F.(2d) 1003, the defendant was not estopped to plead invalidity of the patent in advance of the charge of infringement.

There is no evidence in this case that these defendants so seriously intend, for, as above stated, their answer is not even verified.

Republic Electric Co., Inc., et al. v. General Electric Co. (C. C. A.) 27 F.(2d) 595. This case is cited for the proposition that, in any event, a preliminary injunction should not issue against the individual defendants; as to them, it is alleged, in the bill of complaint, that they are stockholders in the corporate defendant, and control it, and, in the said unverified answer interposed on the part of all of the defendants, it is alleged, in paragraph 19, that the individual defendants admit that they are financially interested in said corporation and control a majority of its stock.

The foregoing distinguishes the facts in this case from those involved in the case above referred to.

The motion for preliminary injunction is granted, and, if the security to be exacted of the plaintiff cannot be arranged by stipulation, the undersigned will settle the order in that respect at his chambers on June 20, 1930, at 2:30 p. m.