## HENIS et al.
### v.
## COMPANIA AGRICOLA DE GUATEMALA et al.
### No. 11229.

United States Court of Appeals, Third Circuit.

Argued Feb. 16, 1954.

Decided March 2, 1954.

Arthur G. Logan, Wilmington, Del. (Stephen E. Hamilton, Jr., Wilmington, Del., Alexander Kahan, New York City, on the brief), for appellants.

William S. Potter, Wilmington, Del., and Porter R. Chandler, New York City, (James L. Latchum, Wilmington, Del., Davis Polk Wardwell Sunderland, & Kiendl, Theodore Kiendl and Edwin J. Jacob, New York City, on the brief), for Compania Agricola de Guatemala, appellee.

Edward M. Harris, Jr., New York City, for International Railways of Central America.

Before MARIS, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiffs from an order of the district court dismissing their complaint in a stockholders' derivative action brought by them on behalf of defendant International Railways of Central America against defendant Compania Agricola de Guatemala. In their complaint plaintiffs allege that they purchased their shares in International Railways in the latter part of 1951, whereas the transactions which they seek to have set aside and cancelled were entered into between Compania Agricola and International Railways in 1936 and shortly thereafter. The district court dismissed the complaint because, inter alia, the plaintiffs were unable to comply with the requirements of Civil Procedure Rule 23(b), 28 U.S.C., that they should have been shareholders of International Railways at the time of the transactions of which they complain. The plaintiffs argue that the complaint alleges wrongs which continued after their acquisitions of shares and that Rule 23(b) is thereby satisfied. We do not agree. On the contrary we are in full accord with the views upon this subject expressed by Chief Judge Leahy of the district court in his opinion dismissing the complaint, 116 F.Supp. 223, 228–230, and we need add nothing thereto. Since the complaint was properly dismissed because it did not comply with Rule 23(b) we do not consider the applicability of the Delaware statute of limitations, the other ground upon which the district court based its action.

The order of the district court will be affirmed.