Glen S. and Helen M. WEEKS,
Plaintiffs,

v.

Herbert ALPERT, Pierre Dumaine, Robert J. Marony, Russell B. Valentine, James A. Walsh, and Boston & Maine Railroad, Defendants.

Civ. A. No. 55-291.

United States District Court
D. Massachusetts.

April 12, 1955.

Arthur E. Whittemore, Robert W. Meserve, Nutter, McClennen & Fish, Boston, Mass., for plaintiffs.

Abram Berkowitz, and Ropes, Gray, Best, Coolidge & Rugg, and George W. McLaughlin, Boston, Mass., for defendant Boston & Maine R. R.

Louis Loss, Cambridge, Mass., and Lawrence C. Cohen, Boston, Mass., for Herbert Alpert.

SWEENEY, Chief Judge.

This is an action brought by two individual stockholders of the Boston and Maine Railroad. It is not a proceeding instituted by the Securities and Exchange Commission nor one in which they have participated in any manner. The plaintiffs seek to enjoin the voting of proxies alleged to have been obtained in violation of the rules and regulations of the Securities and Exchange Commission. They further seek to enjoin the holding of the Annual Meeting of the railroad which is scheduled for tomorrow, April 13th. Jurisdiction is not predicated upon diversity of citizenship but is based solely on alleged violations of the Securities Exchange Act, 15 U.S. C.A. § 78a et seq., and the rules and regulations thereunder.

What appears on the surface to be a strong opposition to present management of the railroad has for some time been soliciting proxies for the avowed purpose of electing their own slate of nineteen directors at the Annual Meeting, and for the further avowed purpose of electing one McGinnis president of the railroad. The plaintiffs complain that the conduct in the present, and the anticipated conduct in the future of the opposition, violates Rules X–14A–4(d) and X–14A–9 of the Securities and Exchange Commission. To arrive at this conclusion, one must indulge in a lot of speculation and conjecture. Certainly the plaintiffs cannot complain of the general plan of the opposition and the Court cannot assume in the absence of proof that the plan will be executed illegally. The defendants have stated in open court that they intend to proceed in a lawful manner. This the Court must assume to be true. The Securities and Exchange Commission is charged with the duties of enforcing not only the Act, but its rules and regulations, and I must assume that they are aware of what is transpiring in regard to the Annual Meeting.

■ If we could assume that everything which the plaintiffs allege is true, there is still lacking the threat of im-

mediate and irreparable damage to these individual stockholders which should be a prerequisite to the granting of a preliminary injunction. See Skelly v. Dockweiler, D.C., 75 F.Supp. 11. The threat of injury as stated in Redlands Foothill Groves v. Jacobs, D.C., 30 F.Supp. 995, must be real not fancied, actual not prospective, and threatened not imagined.

From the foregoing I conclude that there is no justification for this Court to issue the injunction prayed for. The application for the temporary injunction is denied.