Bernard FEIN, Harry B. Leslie and Warren S. Schoenthaler, individually and as directors of Security Banknote Company, Plaintiffs,

v.

SECURITY BANKNOTE COMPANY, Columbian Bank Note Company, James A. Austin, Dudley E. Dawson, Jr., George W. Goldsworthy, Jr., Oswald Maland, Horatio W. Manning, Charles H. Sulzberger, William P. Hunt, Charles R. Koerwer, Jr., Ricardo H. Kriete and Latin American Investment Corporation, S. A., Defendants.

United States District Court
S. D. New York.
Nov. 13, 1957.

 

Columbian). The plaintiffs predicate jurisdiction in this suit upon Section 16 of the Clayton Act, Title 15 U.S.C.A. § 26, which in part is as follows:

"Injunctive relief for private parties; exception

"Any person, firm, corporation, or association shall be entitled to sue for and have injunctive relief, in any court of the United States having jurisdiction over the parties, against threatened loss or damage by a violation of the antitrust laws, including sections 13, 14, 18, and 19 of this title, when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, under the rules governing such proceedings, and upon the execution of proper bond against damages for an injunction improvidently granted and a showing that the danger of irreparable loss or damage is immediate, a preliminary injunction may issue: * * *"

Stroock & Stroock & Lavan, New York City, Morton L. Deitch, Milton N. Scofield, David Lubart, E. Millimet, Roger S. Kuhn, New York City, of counsel, for plaintiffs.

Dwight, Royall, Harris, Koegel & Caskey, New York City, Crowell & Leibman, Chicago, Ill., John A. Wells, H. Allen Lochner, Justin W. D'Atri, Herbert C. Earnshaw, New York City, Morris I. Leibman, Donald S. Macleod, Chicago, Ill., of counsel, for moving defendants, Security Banknote Co. and others.

Duke & Landis, New York City, David B. Landis, Herbert A. Harris, New York City, of counsel, for defendant, Columbian Bank Note Co.

LEVET, District Judge.

The plaintiffs above named, stated to be suing individually and as directors of Security Banknote Company (hereinafter called Security), seek a preliminary injunction against certain acts of Security with regard to the acquisition of the assets of the Columbian Bank Note Company (hereinafter called

The factual basis upon which plaintiffs predicate their asserted right to the relief requested is as follows:

1. Security is a Delaware corporation qualified to do business in the State of New York; Columbian is an Illinois corporation qualified to do business in the State of New York;

2. Security is said to be subject to the jurisdiction of the Federal Trade Commission;

3. Columbian and Security entered into a contract pursuant to which Security acquired all the assets of Columbian and assumed (with certain exceptions) all the liabilities of Columbian. This contract was *consummated* on October 18, 1957;

4. Prior to October 18, 1957, the principal business of Security and Columbian was the printing and engraving of stock certificates, bonds, debentures, warrants, corporate securities, etc.;

5. The plaintiffs contend that the three major companies engaged in this bank note business were defendants Security and Columbian and the American Banknote Company (hereinafter called American); that the bank note business in the United States prior to October 18, 1957, was the subject of active and intense competition between the three principal companies just mentioned. The plaintiffs assert that American did approximately one-third, Security, one-third, and Columbian, one-fifth of this total business, while the remainder was distributed among other companies; that the acquisition by Security of the assets of Columbian will eliminate competition between these two defendants and that this creates a violation of the antitrust laws of the United States, Title 15 U.S.C.A. § 18.

The defendants object to a preliminary injunction (to whatever effect such injunction would now lie) upon various grounds:

1. The burden rests on the plaintiffs to establish reasonable cause to believe that Section 7 of the Clayton Act, 15 U.S.C.A. § 18, has been violated. Lowe v. Consolidated Edison Co., D.C.S.D.N.Y., 1941, 67 F.Supp. 287; Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 1907, 153 F. 907; Universal Major Electric App. v. Universal Major Corp., D.C.S.D.N.Y., 1956, 138 F.Supp. 745; Margolis v. Franks, D.C.S.D.N.Y., 1956, 138 F.Supp. 9. The defendants energetically and extensively dispute the allegations of the control of the bank note business aforesaid. They assert that plaintiffs' proof made upon this motion does not sustain this burden. I have concluded that there is in fact insufficient positive or affirmative proof by the plaintiffs of this allegation of violation of the antitrust acts.

2. The plaintiffs, having conceded by their complaint and affidavits that the exchange of Security stock for Columbian assets has been fully consummated in law and fact, have no basis for intervention under Title 15 U.S.C.A. § 26 permitting preventative or injunctive relief by reason of a *threatened* violation of the antitrust act. Obviously, the purpose of a preliminary injunction is to preserve the status quo pendente lite, not to undo completed transactions. See Warner Bros. Pictures v. Gittone, 3 Cir., 1940, 110 F.2d 292; Westor Theatres v. Warner Bros. Pictures, D.C. D.N.J., 1941, 41 F.Supp. 757, 763.

3. The plaintiffs have failed to show the danger of irreparable loss or damage requisite for preliminary injunction, whereas defendants will, it is claimed, be greatly damaged by a preliminary injunction. It is fair to assert that under Section 16 of the Clayton Act, Title 15 U.S.C.A. § 26, a preliminary injunction will be issued only upon a showing that the danger of irreparable loss or damage is immediate; that the danger must be real, not fancied, actual, not prospective, and threatened, not imagined. Weeks v. Alpert, D.C.D.Mass., 1955, 131 F.Supp. 608, 609. The principal, if not the only danger or threatened loss, asserted in the complaint and supporting affidavits is the *possibility* of actions by the government and by private parties for treble damage under the antitrust laws. In Gomberg v. Midvale Co., D.C.E.D.Pa., 1955, 157 F.Supp. 132, it was held that possible private treble damage actions were not the type of threatened damages contemplated by Section 16 of the Clayton Act. There is also the further well-established principle that preliminary injunctions will not be issued if the threatened damage can be adequately compensated for by monetary damages. Henis v. Compania Agricola De Guatemala, D.C.D.Del., 1953, 116 F.Supp. 223, 225, affirmed 3 Cir., 1954, 210 F.2d 950.

The case of American Crystal Sugar Co. v. Cuban-American Sugar Co., D.C. S.D.N.Y., 1957, 152 F.Supp. 387, does not support plaintiffs' position on this motion for the following reasons:

1. In the American Crystal Sugar case a preliminary injunction had been denied and the question before the court was whether on the evidence adduced

at the trial plaintiff was entitled to a permanent injunction;

2. In the American Crystal Sugar case injunctive relief was granted to prevent a threatened union of plaintiff and defendant. Here, union is already an accomplished fact;

3. The threatened injury to plaintiff in the American Crystal Sugar case was not merely the possibility of future antitrust litigation. The court found that the union of plaintiff and defendant would be harmful to plaintiff in impeding its plans for increasing its business in certain states and in limiting plaintiff's effectiveness in representing the views of the American beet sugar interests.

■ Obviously, the court must, in the determination of an issuance of a preliminary injunction, weigh the conveniences of the parties and possible injuries to them according as they may be effected by the granting or withholding of the injunction. See Yakus v. United States, 1943, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834. In such a balance, the weight must prevail in favor of the moving party before an injunction is granted. Nothing in the motion papers or in the complaint supplies any material basis for prospective injury to Security, other than the merely potential danger of suits above mentioned. The possibility of such suits naturally cannot be forecast but the probability of such suits is not shown by the plaintiffs.

4. The defendants allege that the plaintiffs come into court with "unclean hands" and, hence, are not entitled to equitable relief. The basis of this argument is that the plaintiffs seek to force the defendant Security to settle with plaintiffs Leslie and Fein a certain suit brought by such plaintiffs in a New York State court on October 10, 1957, seeking to obtain valuable stock options from Security. There is no doubt that these two plaintiffs have such a claim pending and there seems to be little doubt that an effectuation of such option will mean a material financial gain if plaintiffs succeed.

■ 5. The defendants maintain that the plaintiffs have not acted promptly. The background of events leading to the board meetings of Security and Columbian on October 18, 1957, demonstrates that the plaintiffs knew in advance of the impending transaction which the defendants consummated on that date. They did not act. This consequence meant the neglect of an action necessary to invoke the protective preventative remedies of Section 26 of Title 15 U.S.C.A.

Thus, it develops that the plaintiffs have stood by while the long-threatened act was not only planned, but completed. Now they seek to restore a condition existing prior to October 18, 1957, by a method of transaction of business by a maintenance of separate and distinct accounting procedures and by a segregated status of assets of the two corporations. In all likelihood, this will mean additional overhead expense and a probable preclusion of administrative savings which might otherwise occur.

Under the circumstances, plaintiff's motion for a preliminary injunction is denied and the temporary restraining order heretofore granted is vacated.

A supplemental decision will follow on defendants' motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint.

So ordered.