**THRIFT AIR CLUB, INC., a New York Corporation, Plaintiff,**

v.

**EASTERN AIRLINES, INCORPORATED, a Delaware Corporation, Defendant.**

No. 67 Civil 2237.

United States District Court
S. D. New York.

June 30, 1967.

Louis I. Kravitz, New York City, for plaintiff.

W. Glen Harlan, Harold L. Russell, New York City, for defendant.

PALMIERI, District Judge.

This is a motion for threshold injunctive relief in an action seeking substantial damages for the alleged unlawful appropriation of the plaintiff's plan for travel promotion, organized as the Thrift Air Club, Inc. Essentially the plaintiff's plan rests on the idea of devising travel economies and conveniences through group plans which are said to be rendered attractive because they are associated with the notion that one can "pay now, travel later." The defendant, a large scheduled air carrier, has advertised and promoted its ETC Club, an

acronym from Eastern Travel Club, which seeks to connote the "etceteras" or "extras" its members will receive by way of hotel accommodations in connection with so-called package vacations. Defendant's plan does not appear to hold out any hope of delayed payment or group travel discounts. The elements of similarity in the two plans seem to be the providing of lower travel costs and the payment of a membership fee.

Plaintiff, alleging that defendant's basic ideas for the ETC Club were "all stolen from plaintiff's brain" and that defendant is unfairly competing with plaintiff, seeks to enjoin all of defendant's activities in connection with the promotion and operation of its ETC Club.

Plaintiff's motion must be denied. There is serious doubt that plaintiff will ultimately succeed in its action since much of its plan appears to be based on notions that have been in the public domain for a long time. In any event, the plaintiff has clearly failed to meet its burden of convincing this Court "with reasonable certainty" that "[it] must succeed at final hearing". Hall Signal Co. v. General Ry. Signal Co., 153 F. 907, 908 (2d Cir. 1907), quoted with approval in H. E. Fletcher Co. v. Rock of Ages Corporation, 326 F.2d 13 (2d Cir. 1963).

Additionally, there has been an insufficient showing of irreparable damage to the plaintiff in the event of denial of injunctive relief, while there has been a persuasive showing of irreparable damage to the defendant in the event injunctive relief is granted. An affidavit by a responsible officer of the defendant demonstrates that a sudden termination of defendant's activities in connection with the ETC Club would not only compromise a very substantial investment already made in the plan and threaten a loss of revenue running into millions of dollars, but would disrupt irreparably the vacation plans of hundreds, if not thousands, of innocent members of the travelling public who have already committed themselves to vacation plans sponsored by the ETC Club. While there would be no adequate way to repair the harm done to defendant's passengers and club members, and probably to the defendant itself the defendant is quite capable of responding in damages to the plaintiff in the event plaintiff should succeed in the action. See Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944); Hamilton Watch Co. v. Benrus Watch Co., 206 F.2d 738, 741–742 (2d Cir. 1953); Fein v. Security Banknote Co., 157 F.Supp. 146, 148 (S.D.N.Y.1957).

The motion is denied. It is so ordered.