**OLIN INDUSTRIES, Inc.**

v.

**DANOFF et al.**

**Civ. A. No. 4810.**

United States District Court
Middle D. Pennsylvania.

July 29, 1954.

Allan M. Kluger, Wilkes-Barre, Pa., for plaintiff.

Ernest K. Herskovitz and Albert H. Aston, Wilkes-Barre, Pa., for defendants.

WATSON, Chief Judge.

This is an action in which Olin Industries, Inc., the plaintiff, seeks to en-

join Harry Danoff and Milton Danoff, doing business as Ben Danoff, the defendants, from offering for sale or selling at retail certain commodities manufactured by it at prices which are less than stipulated fair trade list retail prices established by plaintiff.

In the complaint the plaintiff demands judgment:

"(1) Temporarily restraining and preliminarily enjoining both the defendants, their agents, employees and all persons acting under the authority or control of said defendants, from willfully and knowingly offering for sale or selling, at retail, in the Commonwealth of Pennsylvania, any of said commodities manufactured by plaintiff, at prices which are less than stipulated minimum retail resale prices now or hereafter established therefor by the plaintiff, pursuant to said agreement, Exhibit 'A' hereto;"

"(2) Permanently enjoining the defendants, their agents, employees and all persons acting under the authority or control of said defendants from willfully and knowingly offering for sale or selling, at retail, any of said commodities manufactured by plaintiff, at prices which are less than the stipulated minimum retail resale prices now or hereafter established therefor by plaintiff, pursuant to said agreements."

The plaintiff moved for a preliminary injunction. A hearing was duly held on the application for a preliminary injunction and the matter is now before the Court for disposition.

The evidence consists of the complaint and various affidavits: affidavit by Russell R. Casteel, stating inter alia that he is Secretary of Olin Industries, Inc.; copy of Fair Trade Agreement of the plaintiff, Olin Industries, Inc., with no designated purchaser listed; a list of fair trade prices; and affidavits by various consumers who allegedly purchased fair trade items from the defendants. Papers and pleadings in the case were presented to the Court but were not offered in evidence.

 A preliminary injunction is a very drastic remedy the use of which should be restricted except upon clear and convincing testimony of an intended or threatened injury. The Court should, therefore, use great care in its discretion to grant it.

 In my opinion, that which is before the Court fails to make a clear case of necessity for a preliminary injunction and does not require drastic action on the part of the Court to prevent irreparable injury.

The motion for a preliminary injunction will be denied.