The **CALIFORNIA OIL COMPANY,**
a corporation,

v.

Frank **TRAVALINE** and John Travaline, individually and trading as Travaline Brothers.

The **CALIFORNIA OIL COMPANY,**
a corporation,

v.

Leonard **HART** and Edward Tinair.

The **CALIFORNIA OIL COMPANY,**
a corporation,

v.

David H. **FROST.**

The **CALIFORNIA OIL COMPANY,**
a corporation,

v.

Forrest W. **FITZGERALD,** ind. & t/a Fitzgerald Service and Repair Center, & also t/a Montgomeryville Calso Station.

Nos. 21776–21779.

United States District Court
E. D. Pennsylvania.

Jan. 7, 1957.

Montgomery, McCracken, Walker & Rhoads, John W. Fawcett, III, Philadelphia, Pa., for California Oil Co.

Speiser, Satinsky, Gilliland & Packel, Israel Packel, Philadelphia, Pa., for Frank Travaline and John Travaline, ind. and t/a Travaline Brothers and Leonard Hart and Edward Tinair.

Josef Jaffe, Philadelphia, Pa., for David H. Frost.

Paul R. Beckert, Levittown, Pa., and William J. Toy, Philadelphia, Pa., for Forrest W. Fitzgerald, ind. and t/a Fitzgerald Service and Repair Center and also t/a Montgomeryville Calso Station.

KRAFT, District Judge.

Hearing was had and argument heard on the plaintiff's motion for preliminary injunction to enjoin alleged violation of the Pennsylvania Fair Trade Law,[1] and on the defendant's motion to dismiss this motion. From the evidence and the stipulations of the parties, the court makes the following .

### Findings of Fact.

1. The plaintiff is a Delaware corporation.

2. The plaintiff has a valid trademark covering the names "Calso" and "Calso Supreme."

---

[1] Act of June 5, 1935, P.L. 266, as amended by Act No. 589, May 25, 1956, 73 P.S. §§ 7–11.

3. The plaintiff has sold and now sells gasoline in Pennsylvania to distributors but not to dealers.

4. A substantial part of this gasoline, directed to be made to the plaintiff's specifications, is obtained from the bulk plants of other refiners by the plaintiff's distributors, pursuant to exchange agreements, and the plaintiff furnishes to its distributors certain additives intended to be added to the gasoline by the distributor in conformity with plaintiff's instructions.

5. On September 4, 1956 the plaintiff executed a written agreement with one of the more than 350 Pennsylvania dealers who vend this gasoline. This agreement provided, inter alia, that this dealer would sell Calso (regular) gasoline at 27.9 cents per gallon and Calso Supreme gasoline at 30.9 cents per gallon unless and until otherwise instructed by the plaintiff; and, that this dealer would not sell such gasoline except at prices fixed by the plaintiff.

6. The defendant is a Pennsylvania dealer who sells gasoline so purchased from plaintiff's distributor.

7. There is no agreement, written or oral, between plaintiff and defendant.

8. On or about September 5, 1956 defendant received from plaintiff written notice of the aforesaid agreement.

9. The defendant was advised by letter, dated November 27, 1956, that defendant's failure to abide by the prices fixed by the plaintiff pursuant to the aforesaid agreement would result in legal action by plaintiff against defendant.

10. The defendant thereafter sold gasoline purchased from plaintiff's distributor at prices other than those fixed by the plaintiff in or under the terms of the aforesaid agreement.

11. The plaintiff seeks to prevent sales by the defendant at any prices other than those fixed by the plaintiff, from time to time, in accordance with the aforesaid agreement.

12. There is no sufficient credible evidence on the present record which convinces the court that the matter in controversy exceeds $3,000.

13. There is no sufficient credible evidence on the present record which convinces the court that the plaintiff is threatened with irreparable injury.

## Discussion.

The only witness for the plaintiff who testified to the extent of plaintiff's investment in promoting good will for its trade-mark, or to the extent of harm done to plaintiff's good will by the defendant's sales, was neither an officer nor director of the plaintiff nor one who was in a position to have or who did have personal knowledge of the facts to which he testified. Most of his testimony in this area was based on knowledge gleaned from reports by or conversations with others. While the testimony was admitted over objection, its probative value was for the court. See Olin Industries, Inc., v. Danoff, D.C.M.D.Pa. 1954, 122 F.Supp. 645.

Defendant's counsel raised legal questions respecting the interpretation of the Pennsylvania Fair Trade Law, as sought to be applied in the instant case, sufficient to raise serious doubt as to the extent of the plaintiff's ultimate rights against this defendant. See Henis v. Compania Agricola de Guatemala, D.C.D.Del. 1953, 116 F.Supp. 223, affirmed 3 Cir., 1954, 210 F.2d 950.

## Conclusions of Law.

I. Jurisdiction of this action, based on 28 U.S.C. § 1332(a) (1) is, on the present record, at best doubtful.

II. Plaintiff, on the present record, is threatened with no irreparable injury.

III. On the present record doubt exists as to the merits of the claim for relief.

## Order.

Now, January 7, 1957, the plaintiff's motion for preliminary injunction is denied and defendant's motion for dismissal thereof is granted.