### NATIONAL COMMODITIES CO. v. VIRET et al.

(Circuit Court of Appeals, Second Circuit. February 4, 1924.)

No. 230.

1. **Injunction ⬅135—Preliminary injunction within court's discretion.**

   The granting or denial of a motion for a preliminary injunction rests largely in the judicial discretion of the court.

2. **Injunction ⬅134—Showing must be clear and, convincing to warrant preliminary injunction.**

   To warrant grant of a preliminary injunction, the showing must be clear and convincing.

3. **Trade-marks and trade-names and unfair competition ⬅93(3)—Evidence held not to authorize granting of preliminary injunction restraining defendant from using mark.**

   Evidence of plaintiff's use of the trade-mark "Palm Beach" on a package containing human-hair, cap-shaped, hair nets, *held* not to authorize the granting of a preliminary injunction restraining defendant from using the mark "Palm Beach" on entirely different appearing packages containing silk hair nets of a different style, notwithstanding a decision of the Patent Office awarding plaintiff priority.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the National Commodities Company against Julien Viret and another. From an order granting a preliminary injunction restraining defendants from using the words "Palm Beach" as a trade-mark for hair nets, defendants appeal. Order reversed.

Plaintiff is a Delaware corporation, and defendants are citizens of France. Viret is the agent of Giguet, and conducts, for the latter, a place of business in New York City. Plaintiff filed its application for a trade-mark for sanitary human-hair nets on June 26, 1918. In this application it was stated that "the trade-mark has been continuously used in our business since September 1, 1916." The trade-mark read "Palm Beach Hair Net Quality Superb," and at one side was the figure of a young woman who was standing and wearing a striped dress. No claim was made to the words "Hair Net" or "Quality Superb." This trade-mark was registered December 16, 1919.

In an application filed October 17, 1921, plaintiff stated: "The trade-mark has been continuously used in the business of said corporation, C. L. Sexton, C. L. Sexton Company, H. Reichlin & Co., and M. M. Sexton & Co., since on or about February 4, 1913." The trade-mark in this application consisted of the same figure of a young woman and the words "Palm Beach." This trade-mark was registered December 26, 1922.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears from the record that defendants have continuously used the mark "Palm Beach" since 1915, there having been a substantial sale of its goods under this mark or brand, beginning May 15, 1915. These marks are printed on packages which inclose hair nets. The defendants' package has the words "Palm Beach Silk Hair Net Best Quality made without elastic Extra Large Size made in France." There is the figure of a young woman, who is seated and is in a bathing suit, and there is also a representation of an escutcheon. The hair nets sold by the respective parties are entirely different. Plaintiff's article is a human-hair, cap-shape, hair net. Defendants' is a woven silk hair net of an entirely different style, known as a knotted end style, and there is evidence that these different kinds of hair nets, one of human hair and the other of silk, meet entirely different demands. The legends and pictorial representations on each package are so entirely different that there is no reasonable opportunity for confusion.

Defendants sold their packages in substantial amounts after 1915, and for several years the parties seemed to be ignorant of the existence of an alleged competing business, until shortly before Viret brought a proceeding to cancel plaintiff's registered trade-mark, dated December 16, 1919. The application for such cancellation was made by Viret on April 18, 1921, and due procedure was had in the Patent Office. On September 20, 1921, at Philadelphia, Pa., the depositions of various witnesses were taken on the single point of priority. The witnesses apparently were never seen by the Patent Office officials, and the depositions were taken in familiar form before a notary public. Upon the record thus made the Acting Examiner of Interference in the Patent Office held that the evidence submitted fully established "the adoption and use of the 'Palm Beach' mark on hair nets by Charles L. Sexton in 1913, but it amply proves the continued use of the mark by and the devolution of the business and good will through the various firms and individuals hereinbefore set out, until it was taken over by the registrant. The registrant is accordingly held to have established a date of adoption and use as early as the year 1913."

This decision was affirmed by the Assistant Commissioner of Patents. With this decision as to priority in its favor, plaintiff began this suit on April 16, 1923. It brought on a motion for preliminary injunction, and defendants moved for a preliminary injunction, and also moved under equity rule No. 29 to dismiss the complaint. Defendants filed affidavits of persons not witnesses in the Patent Office proceeding. The District Court filed an opinion and denied both motions. Thereafter plaintiff moved for and obtained a rehearing, and in its application dwelled upon the importance of Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657. The District Judge, without writing a further opinion, reversed his previous determination, and granted the order for preliminary injunction, the appeal from which is now here.

Rogers, Kennedy & Campbell, of New York City (Donald Campbell, of New York City, of counsel), for appellants.

Emery, Booth, Janney & Varney, of New York City (Joshua R. H. Potts and George B. Parkinson, both of Philadelphia, Pa., of counsel), for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1, 2] It is, of course, elementary that the granting or denial of a motion for preliminary injunction rests largely in the discretion of the court, by which is meant the judicial discretion. It is also elementary that, to warrant the granting of a preliminary injunction, the showing must be clear and convincing as to the propriety of such relief.

[3] In commercial cases of the character of that at bar the failure to grant an application for an injunction, particularly when the trial

of cases is not promptly reached because of delays in an overburdened court, may have the practical effect of a denial of justice, and permit an infringer to do grave injury before the rights of the parties are determined on final hearing. On the other hand, to grant a preliminary injunction, except in a clear and convincing case, may have the result of destroying a defendant's business in the article of merchandise which is the subject of controversy, and a bond, no matter in what amount given, is frequently not a truly adequate security, because of the legal difficulties attending proof of damage, if it should appear that the preliminary injunction was improvidently issued.

In the case at bar it is apparent that the District Judge held that there was no unfair competition between the parties, and there could not possibly be confusion in respect of the appearance of the packages in which the goods were put out by each party. Plaintiff's case, therefore, rests wholly on such rights as it may have under its registered trademark. It will be noted that in its first registration it asserted its date as September 1, 1916. As the result of the proceedings in the Patent Office, it was found that it was entitled to a date in 1913, which thus preceded the clearly established date of defendants; i. e., 1915.

We do not fail to give due weight to the decision of the Patent Office, and to this we referred in Curtiss Aeroplane & Motor Corp. et al. v. Janin et al., 278 Fed. 454, in a proceeding under another statute. In the case at bar, the Patent Office, however, had no greater opportunity of seeing the witnesses than had the District Court. The Patent Office decision was rendered upon a transcript of testimony taken before a notary public, and thus this decision, while entitled to weight and respect, does not carry the conviction which accompanies a decision upon a question of fact, where the trier of the facts has seen and heard the witnesses.

In the present record, there are several affidavits which were not before the Patent Office, and we think upon this record that the question of priority is a debatable question, which can only be satisfactorily solved when and if there shall be a trial of the issues in open court. We are also satisfied that there is at least a debatable question as to whether the human-hair net put out by plaintiff is really a competitor of the silk hair net put out by defendants. We also observe that the words "Palm Beach" have been registered as applicable to other kinds of merchandise. Pabst Brewing Co. v. Decatur Brewing Co. (C. C. A.) 284 Fed. 110, commented upon in Anheuser-Busch, Inc., v. Budweiser Malt Products Corporation (C. C. A.) 295 Fed. 306, 2nd Circuit, November 5, 1923.

Finally, in view of the form in which the two packages are printed, there is also a question as to whether or not, in the circumstances disclosed in the record, the use of the words, "Palm Beach" by defendants in an entirely different appearing wrapper or package constitutes infringement. We express no opinion in regard to the several matters supra, to which we thus call attention. Our purpose in referring to them is to point out that the various controverted questions between

the parties are too debatable to have warranted the granting of a motion for preliminary injunction, and that plaintiff has not made out a case so clear and convincing as to justify the granting of so drastic a remedy in advance of final hearing.

Order reversed, with costs.