## 92

**STEWART STAMPING CORP. et al.**
v.
**WESTCHESTER PRODUCTS CO. et al.**

United States District Court
S. D. New York.
June 10, 1953.

Darby & Darby, New York City, for plaintiffs.

Russell E. Schlorff, New York City, for defendants.

MURPHY, District Judge.

This is a motion for preliminary injunction grounded on alleged patent infringement and assorted acts of unfair competition, including piracy of machine designs, commercial bribery to divert custom and conspiracy. Briefly one of four patents allegedly infringed is re-lied upon for this motion and relates to an automatic wire forming machine used for production of twisted wire lengths known as "pig-tail" terminals for electrical condensers. Defendants are charged with theft of its design, construction of duplicate ones, conspiracy in obtaining money from plaintiff for their construction and diversion of custom from plaintiff through bribery. The relief sought is restraint of "defendants or anyone controlled by or in privity with any of them, from using, selling, or substantially duplicating, during the pendency of this action, any of the wire-forming machines in the possession of defendants or any other machines infringing Stewart patent No. 2,230,818, or, in the alternative, for an order compelling defendants to post a bond in the amount of $30,000 conditioned upon the full payment of all damages, interest and costs in this action." The motion is based upon affidavits of plaintiffs' counsel and officer of one of them concerning probable profit of defendants between the present and time of trial, and also on affidavit of an independent expert that defendants' machines infringe plaintiff Stewart's patent, based upon his examination of photographs and testimony of one of defendants.

▮ Apart from defendants' affidavit disputing infringement, we are met at the outset with the circumstance that plaintiff's patent has neither been adjudicated nor acquiesced in. The statutory presumption of validity, 35 U. S.C.A. § 282, does not by itself dissipate allegations of prior art urged in opposing a preliminary injunction. See George Cutter Co. v. Metropolitan Electric Mfg. Corp., 2 Cir., 275 F. 158; Rosenberg v. Groov-Pin Corp., 2 Cir., 81 F.2d 46. And this extraordinary remedy is not available to punish defendants for wrongful acts already committed. See Minneapolis & St. L. Ry. Co. v. Pacific Gamble Robinson Co., 8 Cir., 181 F.2d 812.

Motion for preliminary injunction denied.