**OLSEN**

v.

**BABY WORLD CO., Inc. et al.**

**Civ. 13858.**

United States District Court,
E. D. New York.
April 19, 1954.

**463**

larly impressed with the Von Baeyer patent, numbered 900,644, dated October 6, 1908, and the Rice patent, numbered 2,-608,841, dated September 2, 1952. They cover spillproof cups similar to the plaintiff's.

 It is well settled that the plaintiff's right to a preliminary injunction rests in the sound discretion of the Court, and that to warrant its granting the propriety of the relief must be clearly and convincingly shown. National Commodities Co. v. Viret, 2 Cir., 296 F. 664; Set-O-Type Co. v. American Multigraph Co., 6 Cir., 55 F.2d 800; Caron Corporation v. Maison Jeurelle-Seventeen, D.C., 26 F.Supp. 560. Since I am not convinced of the validity of the plaintiff's patents the motion for a preliminary injunction is denied.

Settle order on notice.

John C. Blair, New York City, by Robert Sloman, Detroit, Mich., for plaintiff.

Mock & Blum, by Ascher Blum, New York City, for defendants.

RAYFIEL, District Judge.

The plaintiff is the holder of two patents; one a design patent, numbered 165,778, dated January 29, 1952, and the other, a mechanical patent, numbered 2,623,368, dated December 30, 1952, covering a spillproof glass. He has sued the defendants for infringing said patents, claiming that they are manufacturing and distributing a product identical to his, and in his complaint he seeks injunctive relief and an accounting for damages. He has moved herein for a preliminary injunction claiming that the said infringement is causing irreparable damage to his business.

The defendants, in opposing the plaintiff's application, contend that the patents in question are invalid for lack of invention and novelty, and for double patenting.

An examination of the glasses manufactured by the plaintiff and the allegedly infringing glasses discloses their similarity. That fact appears not to be disputed by the defendants. Hence, if the patents are valid, there is prima facie infringement.

The defendants have cited several patents to show prior art. I was particu-