**NADYA, Inc., Plaintiff,**

v.

**MAJESTIC METAL SPECIALTIES, Inc., Defendant.**

United States District Court,
S. D. New York.
Dec. 27, 1954.

**468**

---

Robert E. Burns, New York City, for plaintiff.

James & Franklin, New York City, by: Bernard S. Franklin, New York City, of counsel, for defendant.

EDELSTEIN, District Judge.

Plaintiff, as holder of two "basket" patents, one mechanical and one design, has moved for a preliminary injunction against the defendant who is a manufacturer of ladies' handbags, which are alleged to infringe both patents. The defendant puts in issue the validity of the patents and also denies infringement.

█ █ The granting of a preliminary injunction "is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292, 293. "It is a cardinal principle of equity jurisprudence that a preliminary injunction shall not issue in a doubtful case. Unless the court be convinced with reasonable certainty that the complainant must succeed at final hearing the writ should be denied." Hall Signal Co. v. General Ry. Signal Co., 2 Cir., 153 F. 907, 908. Moreover, to justify the granting of a preliminary injunction, there must be a showing of irreparable injury during the pendency of the action, and assuming that "the court is satisfied that there is a probable right and a probable danger and that the right may be defeated unless the injunction is issued, * * * considerable weight is given to the need of protection to the plaintiff as contrasted with the probable injury to the defendant * * *." Meiselman v. Paramount Film Distributing Corp., 4 Cir., 180 F.2d 94, 96.

█ By these standards, the motion for preliminary injunctive relief must be denied. Though plaintiff claims irreparable injury, no showing has been made beyond conclusory statements in an affidavit. There is no factual statement of the loss of sales or of the circumstances of their loss, or indeed, any statement at all about the extent of plaintiff's business. The fear is expressed that the plaintiff will be forced out of business unless the defendant is restrained, and that in such an eventuality "the damage would be irreparable." On the other hand the defendant has set forth in detail the considerable financial loss which would be incurred by him should an injunction be granted.

In any event, the right to relief is not at this stage of the proceedings free of substantial doubt. Without considering the issue of the contested validity of the patents in suit and considering only the issue of infringement, I conclude that sufficient doubt exists to make this case inappropriate for the exercise of judicial discretion to grant a preliminary injunction. On the mechanical patent, there is substantial doubt at least on the question of collapsibility and load carrying. On the design patent, which does not point out any particular feature of novelty in design (except, perhaps, collapsibility), every element of the design is essential, Dixie-Vortex Co. v.

Lily-Tulip Cup Corp., 2 Cir., 95 F.2d 461, 467, and therefore there is in my opinion substantial doubt on the question of distinction of ornamental appearance.

Accordingly, the motion will be denied.