**The SINGER MANUFACTURING COMPANY, Plaintiff,**

**v.**

**BETTER SERVICE SEWING MACHINE CO., Inc., and Brother International Corporation, Defendants.**

United States District Court
S. D. New York.
April 21, 1955.

Campbell, Brumbaugh, Free & Graves, New York City, for plaintiff.

S. Stephen Baker, New York City, for defendants.

THOMAS F. MURPHY, District Judge.

This is a motion for a preliminary injunction against infringement of a patent on a thread tensioning device for use in sewing machines. The patent was issued in 1938, is scheduled to expire within five months and has remained unadjudicated. Defendants distribute and sell a sewing machine manufactured in Japan and embodying the alleged infringing thread tensioning device.

In support of its application, plaintiff—in addition to relying upon the pleadings and depositions of a defendant—offers two affidavits of attorneys from plaintiff's own patent department. These affidavits point out the advance of plaintiff's patent over previous ones in the thread tensioning field, *viz.*, adjustment of some indicator to accommodate variations in tension of the spring employed. Defendants for their part offer a similar affidavit from a patent attorney claiming prior art in six previous patents or in combination of some of the claims of these patents.

Besides plaintiff's title to the patent in issue, the infringement of that patent by defendant and the probability of irreparable damage to plaintiff unless immediate relief be forthcoming, plaintiff has the burden of establishing by clear and convincing evidence the validity of its patent to qualify for the extraordinary relief sought in this motion.[1] Despite the excellent preparation of plaintiff's case, on the basis of the pleadings, depositions and affidavits now before this court, it cannot be asserted that the question of validity of plaintiff's patent is entirely free from doubt. The circumstance that there has been no prior adjudication of the validity of plaintiff's patent should weigh in the consideration of granting or withholding the summary relief sought in advance of trial.[2] And while plaintiff asserts acquiescence in the validity by the industry, the assertion is unsupported by proof that the device was actually wanted by the industry and not adopted in deference to the validity of plaintiff's patent. In passing it should be added that there is also doubt as to the irreparability of plaintiff's damage should it be required to await the outcome of a trial. Even if the court feels from examination of the papers now before it that plaintiff will ultimately prevail after trial of the issues involved, the fact that its right at this stage is not clearly beyond dispute is sufficient to deny the preliminary relief now sought.[3]

1. Simson Bros., Inc., v. Blancard & Co., Inc., 2 Cir., 22 F.2d 498.

2. Stewart Stamping Corp. v. Westchester Products Co., D.C.S.D.N.Y., 119 F.Supp. 92.

3. See Huber Baking Co. v. Stroehmann Bros. Co., D.C.S.D.N.Y., 114 F.Supp. 411, 413, affirmed, 2 Cir., 208 F.2d 464.

Accordingly, plaintiff's motion is denied without prejudice to timely application to the chief judge of this court for preference in expeditiously bringing the matter to trial.

This is an order. No settlement is necessary.