**UNIVERSAL MAJOR ELECTRIC APPLI-ANCES, Inc., a Delaware corporation, Plaintiff,**

v.

**UNIVERSAL MAJOR CORPORATION, a Nevada corporation, Defendant.**

United States District Court
S. D. New York.

Feb. 27, 1956.

Hale, Kay & Brennan, New York City, for plaintiff.

Krause, Hirsch & Heilpern, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

By this motion defendant seeks a temporary injunction restraining the plaintiff and all persons acting for it from transferring, selling or otherwise disposing of any of plaintiff's assets or property, or making any distribution of the proceeds of the liquidation or sale of any of its property and assets pending the outcome of this litigation.

Concededly, plaintiff has notified its creditors, whose names have been listed, that it is unable to pay its obligations on a current basis, and it has entered into a standby agreement with said creditors providing for the sale and liquidation of its electrical appliance factory in Baltimore and providing for the payment of the proceeds of that sale to its creditors according to the standby agreement. It has further arranged with its creditors to pay off the balance of its obligations over a two year period with income expected from a subsidiary corporation.

In this suit commenced by plaintiff seeking a recovery of $179,318.35 based on three causes of action, defendant has asserted counterclaims against plaintiff which far exceed the recovery sought by plaintiff; therefore, defendant alleges that since plaintiff has not included it

in its creditors list, defendant will be irreparably damaged if plaintiff is permitted to dispose of its assets as planned because, as a result of this disposal of assets, any judgment rendered against plaintiff will be worthless. I cannot agree with defendant's contentions.

In the first place it is far from clear that defendant will ultimately prevail. Plaintiff originally sued defendant on two promissory notes, and for goods sold and delivered. Defendant answered and counterclaimed asserting, inter alia, that the notes had been obtained by fraud, that the goods delivered (electrical air conditioners) had been defective and insufficient in quantity and thus violative of a contract between the parties, and that these defective goods were sold by defendant under a trademark it had purchased from plaintiff, and because of their poor quality, the good will associated with that trademark has been severely damaged.

In reply, plaintiff asserts that these counterclaims are false, sham and utterly without merit. The supporting affidavits of both parties show that sharp factual disputes exist as to every claim and counterclaim, and ultimate victory is impossible to predict at this summary hearing. While I recognize that the likelihood of defendant's ultimate success is not the sole criterion to be considered in determining whether to award a temporary injunction, Hamilton Watch Company v. Benrus Watch Company, 2 Cir., 1953, 206 F.2d 738, the absence of such a clear likelihood must certainly be considered. American Visuals Corp. v. Holland, 2 Cir., 1955, 219 F.2d 223; Huber Baking Co. v. Stroehmann Brothers Co., 2 Cir., 1953, 208 F.2d 464.

For defendant to prevail, there must be a balancing of hardships with the scales tipping decidedly in favor of the grant. Hamilton Watch Company v. Benrus Watch Company, supra. The balance of hardships here weighs decidedly against the grant of this injunction. Under its present standby agreement, plaintiff is proceeding to extricate itself from its financial difficulties in orderly fashion. Over 130 creditors have joined in plaintiff's standby agreement, thus asserting their willingness to receive part payment now and part payment over the next two years out of profits expected from plaintiff's subsidiary, the Mirawal Corporation. Plaintiff's allegations that the subsidiary is profitable are thus supported by the willingness of these signatory creditors to await payment, and are attacked only by defendant's contention that these expected earnings are "of course, speculative and highly uncertain based on plaintiff's management of its direct operation over the past two years." Accepting as true plaintiff's sworn statement that it expects to be able to pay off its obligations in two years, which statement is countered only by defendant's speculation, I find that to grant this injunction would not only injure plaintiff but would cause losses to plaintiff's stockholders, creditors and debenture holders, since a blocking of this orderly arrangement for payment of plaintiff's debts would most likely force plaintiff into bankruptcy. Defendant urges that to grant this injunction would not damage plaintiff which has already sold its Baltimore plant and is merely holding the proceeds preparatory to paying them out. I cannot agree with defendant since it is difficult to see how the creditors could be persuaded to await the outcome of this litigation before attempting to enforce their rights, especially since any judgment won by defendant might possibly reduce their own chances of eventual complete recovery from plaintiff.

Further, plaintiff has also alleged in its affidavit that it is now negotiating an advantageous merger with a substantial company which will assume all of plaintiff's liabilities and in addition, exchange part of its stock for the outstanding stock and debentures of plaintiff. This is nowhere controverted by defendant, and is far from implausible in light of plaintiff's established reputation in the field of electrical appliances. Since there are thus open to plaintiff two possibly profitable avenues by which it will be able to meet its obliga-

tions as they arise, one of which the creditors have already agreed to, I am not satisfied that a denial of the defendant's application will result in irreparable injury to it. American Visuals Corp. v. Holland, supra; Huber Baking Co. v. Stroehmann Brothers Co., supra; Foundry Services, Inc., v. Beneflux Corp., 2 Cir., 1953, 206 F.2d 214. That a temporary injunction is a drastic remedy to be granted sparingly and only in cases where there is a clear showing of threatened irreparable injury, and a clear balance of convenience in favor of the grant is a maxim well known to lawyer and layman alike. Defendant in this case does not even approach the necessary showing. The motion, therefore, must be and is denied. So ordered.