Carl ADAMS, Sr. and Adams Brothers Produce Company, a partnership, Plaintiffs,

v.

STANDARD FOLDING TRAYS CORPORATION, a Corporation, Defendant.

Civ. A. No. 17368.

United States District Court
E. D. New York.

May 21, 1957.

Louis Burgess, New York City, for plaintiffs.

Fritz Ziegler, New York City, for defendant.

BYERS, District Judge.

By this motion the plaintiffs in a patent infringement and unfair competition suit, seek a preliminary injunc-

tion, alleging that they will suffer irreparable damage if the application be denied.

The plaintiff Adams Sr. has filed affidavits, which are countered by those of Levkoff, Chairman of the Board of Directors of the defendant, and one Radzinsky, patent expert.

In the first Adams affidavit he describes himself as one of the plaintiffs, and as a member of Adams Brothers Produce Company, a partnership; he states the names of the other members also. No reason is given why the names of all parties plaintiff should not appear in the title of the action. Since the partnership is alleged to be an exclusive licensee, if the individuals who compose the firm are to be affected by the final decree or judgment, they should be named as parties.

The partnership is said to be the licensee of the patent in suit, No. 2637481 granted May 5, 1953 on application filed July 5, 1949. The business of the partnership is conducted in Birmingham, Alabama, and is that of "packaging and marketing produce of various kinds."

The patent relates to a carton (cardboard) for fruits and vegetables, having an open bottom exposing to view the underside of the contents. The exhibits would seem to be of a size to hold three or four tomatoes, for instance.

The defendant is located in this District, and is the manufacturer of such cartons; the complained of conduct is that having received an initial order to manufacture some 200,000 cartons in May of 1953, according to the plaintiff's patent, it not only filled that order, but proceeded to embody the patented device in other of its cartons, and has sold them to many other customers; that this conduct not only infringes the plaintiff's patent, but introduces competition in this form of purveying market produce which is unfair to the plaintiffs and a breach of the confidence created by their placing their said initial order.

The disclosure of the patent is of such a carton with its underside having a central opening less than the length of the entire bottom, which is wide enough to afford opportunity to observe the under or stem side of the tomato. The opening is created by folding toward the interior sides, two flaps created by a center and end slit cut into the bottom of the carton, which flaps in the folded position bear against the interior sides of the carton, and in that position support the tomato somewhat higher than the plane of the bottom of the carton.

The accused structure is open at the bottom, but contains no flaps. There is on each side of the opening a ledge, which also supports the tomato above the bottom plane of the carton. The difference between the flaps and the ledges is manifest and the opposing Radzinsky affidavit thus describes the construction:

"* * *. The parts of defendant's blank from which the supporting rails are produced are in the blank, remote from one another. One of these parts is located along one edge of the blank and to produce the box rail which it forms in the tray it is scored and folded on several longitudinal lines. The second rail is produced by a part of the carton that is stamped out from a panel at the opposite side edge portion of the blank. Since the two rail-forming parts are not stamped out from the same panel, or from the bottom of the tray, it follows that they are not formed out of, or formed integrally with, the bottom panel as is required by the claims of the patent in suit."

To the foregoing, the plaintiff has filed no reply.

In the Levkoff affidavit the statement is:

"One side rail of defendant's Cushioned Open-Bottom tray (Exhibit 'X') is formed from the glue flap which is the basis of our Patent No. 2,341,551 which is integrally connected with one side wall. The other rail is formed by a portion of

board integrally connected with the opposite side wall."

Visual inspection of the sample of the carton which defendant says it made for the plaintiff as compared to the carton made by defendant for others, leaves this court so much in doubt as to the plaintiffs' ability to demonstrate infringement at final hearing, that the granting of a preliminary injunction would not be justified.

The plaintiffs' patent has not been adjudicated, nor is it shown to have been acquiesced in, thus resembling the situation revealed in Stewart Stamping Corp. v. Westchester, etc., D.C., 119 F. Supp. 92 in which such a motion was denied.

 In reply to a counterclaim seeking a declaratory judgment of invalidity, the plaintiff urges that the defendant is its licensee, by virtue of the original order, and is thus estopped to deny validity.

Whether the plaintiffs ever did more than supply specifications for the product they desired the defendant to make and sell to them, by using the language quoted below in their letter of May 19, 1953, is too searching an issue to be decided on this motion:

"You are hereby authorized to manufacture this order under our Patent No. 2 637 481. Please submit prices at your earliest convenience as we want delivery on or before September 1, 1953."

The parties were not strangers when this letter was written, for according to the Adams first affidavit, the parties had been doing business since 1942; hence it was natural for the Adams enterprise to ask the defendant to submit a bid based upon certain specific requirements.

The plaintiff has not cited any decision holding that under like circumstances a defendant in such a cause is estopped to assert the alleged invalidity of the patent relied upon to sustain a cause of alleged infringement.

As a matter of what is thought to be reasonably informed discretion, the motion for a temporary injunction is denied as to the purely patent aspect of the case.

 The issue as to unfair competition will necessarily depend very considerably upon the question of the precise relationship entered into between the parties by virtue of the placing of the original order, and the course of their dealings down to the time of the filing of this suit. That again can be resolved only in the light of the testimony at final hearing.

Motion denied. Settle order.