**Edward McFARLAND, Plaintiff,**

v.

**BUILDING MATERIAL TEAMSTER LOCAL 282, Anthony Duffy, as Secretary-Treasurer, John O'Rourke as President and James J. McCarthy, as Vice-President, Defendants.**

United States District Court
S. D. New York.
Feb. 18, 1960.

2. To require defendants to conduct and conclude such meeting at some reasonable time in the future;

3. To forbid defendants from interfering with any of the rights guaranteed to plaintiff and to those similarly situated by the Labor-Management Reporting and Disclosure Act of 1959;

4. To require defendants to present plaintiff's motion (respecting suspension of an indicted business agent) to the membership of the Local for discussion and voting;

5. To require defendants to so conduct and control said meeting as to prevent threats of violence and other outbreaks of disorder during and after said meeting at the site of the meeting; and

6. To require defendants to process charges against those who were guilty of the disorder, violence and threats of violence at the aforesaid meeting of Thursday, October 26, 1959.

At the argument of the motion the Court urged that the dispute should be settled at a union meeting, without the intervention of court processes. The union attorney agreed that a meeting of the Local would be held promptly and that plaintiff would be allowed to present his motion, and that the rights of the plaintiff as a union member would be respected. The only reservation made by the union attorney was with respect to the doubt entertained by him as to the legality, under the union by-laws, of the motion made by the plaintiff at the meeting held on October 26, 1959.

The Court, in view of the commitment made by the union attorney, held in abeyance determination of the preliminary injunction. Thereafter the Court was advised that a union meeting was held and plaintiff's motion, again, was not put to a vote. The Court, therefore, directed that a hearing be held on this matter. A hearing was held on February 8, 1960, at which testimony was taken. A stipulation was entered into as to certain material facts not in dispute.

It was stipulated: that plaintiff is a member in good standing of the Build-

Schmidt & McDonald, New York City, for plaintiff, Godfrey P. Schmidt, William J. Healy, New York City, of counsel.

Cohen & Weiss, New York City, for defendants, Samuel J. Cohen, New York City, of counsel.

DAWSON, District Judge.

This is an application for a preliminary injunction arising out of an intra-union dispute in which the plaintiff seeks the following relief:

1. To nullify the adjournment of the membership meeting of defendant Local 282 held on October 26, 1959;

ing Material Teamster Local 282, a subordinate body of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America; that Local 282 is a labor union or labor organization within the meaning of the Labor-Management Reporting and Disclosure Act of 1959; that on Thursday, October 26, 1959, defendants conducted a membership meeting of Local 282; that in the course of that meeting plaintiff moved for suspension from office, as delegate or business agent, of one John Cody who had been indicted for extortion and bribery, and said motion contemplated that the suspension would last until the trial of the indictment, and if, on the trial of the indictment, Cody were exonerated, he would be restored to his office as business agent with back pay; but, if he were not exonerated, the suspension would become removal from office; that the defendant, McCarthy, vice-president of Local 282, who was presiding at the meeting, refused to entertain the motion, declaring it was out of order; that a member thereupon moved that there should be an appeal from the ruling of the chair; that the chairman refused to entertain such motion; that apparently, at this point, either plaintiff or one of plaintiff's supporters seized the microphone from the chairman; and, that the chairman, without taking a vote, declared the meeting adjourned.

A further meeting of the Local was held toward the end of November, 1959, at which substantially the same proceedings took place, except that at this time, when the chairman refused to entertain the motion to suspend Mr. Cody, he asserted as his reason that the motion was out of order in that it was contrary to the constitution and by-laws governing the union.

On December 27, 1959, another meeting of the Local was held and substantially the same events took place.

On January 27, 1960, another meeting of the Local was held. Plaintiff again made his motion to suspend Mr. Cody as delegate and business agent pending trial or disposition of the indictment

against him. The chairman refused to recognize the motion, saying that it was in violation of the union's constitution; a union member thereupon moved to appeal from the ruling of the chair and the chairman refused to recognize that motion. The motion made by the plaintiff at the meeting of January 27, 1960, was as follows:

"That Brother John Cody be suspended as a delegate of this local union without pay while under indictment in Nassau County immediately until such time that he is found innocent, and that he was to be restored to his job as a delegate if he were found innocent with retroactive pay from the date of suspension."

At this meeting the plaintiff also moved the following resolution:

"That all officers and delegates who are now under indictment or may be under indictment in the future shall be suspended from their elected jobs without pay immediately. If they are found innocent of these indictments, they shall be restored to their elective jobs with full back pay, retroactive to the date of their suspension. Nevertheless, this suspension shall be effective immediately and as long as any officer or delegate shall remain under indictment."

This motion was also ruled out of order; some member moved to appeal from the ruling of the chair and the chairman refused to entertain this motion.

Provisions of the Labor-Management Reporting and Disclosure Act of 1959 contained in Subchapter II thereof constitute a "bill of rights" of members of labor organizations. This statute provides in part:

"Every member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions; and to express at meetings of the labor organization his views, upon candi-

dates in an election of the labor organization or upon any business properly before the meeting, subject to the organization's established and reasonable rules pertaining to the conduct of meetings: *Provided,* That nothing herein shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations." 29 U.S.C.A. § 411(a)(2).

The Act also provides that any person whose rights, secured by the provisions of Subchapter II, had been infringed by any violation of the subchapter might bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. 29 U.S.C.A. § 412.

The facts, as developed at the hearing, show that plaintiff had not been impeded in his right to meet and assemble freely with other members of the Local and to express his views, arguments and opinions. The only question was whether the chairman of the meeting deprived him of his rights by refusing to put to a vote the motion for the suspension and possible removal of the business agent of the union and by refusing to put to a vote an appeal from the ruling of the chair thereon.

The defendants contend that the motion contemplated action which would violate the constitution of the union and, therefore, was not a proper one to be put to a vote. It is well established that the business agents of the Local are elected officers. See Article VII, § 5, of the Constitution and By-Laws of Local Union No. 282.

The constitution of the Local also provides in Article II, § 1, that "all members must agree to abide by the Union's laws, both international and local * * *"

The constitution of the International provides in Article XXI, § 7:

"Unless otherwise provided in this constitution, elected business representatives and assistants of local unions are entitled to a trial before removal * * *"

It would therefore appear that there is some basis for defendants' asserting that a mere resolution of the Local would not be effective to remove an elected business agent but that the preferring of charges and trial upon those charges was a prerequisite to the removal of the business agent, and that this would be so whether removal was temporary or permanent.

■ It is to be noted that plaintiff seeks by a preliminary injunction to secure the full relief to which he claims he would be entitled upon the trial of the action. The purpose of a preliminary injunction, ordinarily, is to maintain the status quo until there is a trial. A preliminary injunction should not be granted unless the facts are so clear that the Court has little doubt that the plaintiff is entitled to the relief sought. Stevens v. Missouri, K. & T. Ry. Co., 2 Cir., 1901, 106 F. 771, 774; National Commodities Co. v. Viret, 2 Cir., 1924, 296 F. 664, 665; Olsen v. Baby World Co., D.C.E.D.N.Y. 1954, 120 F.Supp. 462, 463.

■ The Court cannot conclude that the plaintiff has established by the preponderance of the evidence that he is entitled to the relief sought by this application for a preliminary injunction as would justify the Court in granting such preliminary injunction.

The preliminary injunction is denied. So ordered.