**HUDSON PULP & PAPER CORP.,**
**Plaintiff,**

v.

**SWANEE PAPER CORP., Defendant.**

United States District Court
S. D. New York.
Oct. 29, 1963.

Curtis, Morris & Safford, New York City, for plaintiff, Robert D. Spille and Gregor N. Neff, New York City, of counsel.

Bierman & Bierman, New York City, for defendant, Jordan B. Bierman, New York City, of counsel.

618

HERLANDS, District Judge.

Plaintiff, Hudson Pulp & Paper Corp. (hereinafter "Hudson"), has moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and Sections 39 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1121, 1125(a).

Plaintiff claims that defendant, Swanee Paper Corp. (hereinafter "Swanee"), has recently marketed a facial tissue package that is a deceptive imitation of plaintiff's "Golden Showcase" package and that thereby defendant has committed the tort of unfair competition and a violation of Section 43(a) of the Lanham Act.

Plaintiff claims that this is a case of package simulation proscribed under the rules expounded in such cases as American Chicle Co. v. Topps Chewing Gum, 208 F.2d 560 (2d Cir.1953); American Chicle Co. v. Topps Chewing Gum, 210 F. 2d 680 (2d Cir.1954); Neely v. Boland Manufacturing Co., 274 F.2d 195 (8th Cir.1960); Federal-Mogul-Bower Bearings, Inc. v. Azoff, 313 F.2d 405 (6th Cir. 1963).

Plaintiff expressly states that it is "not relying in this motion upon the doctrine of secondary meaning." (Letter of plaintiff's attorney, Robert D. Spille, dated September 6, 1963, to the Court, p. 2).

■ One who seeks a preliminary injunction has the burden of proving his right to injunctive relief. 7 Moore's Federal Practice § 65.04[1] (2d Ed.).

■ To satisfy this burden of proof, the applicant must show that an injunction is needed to prevent irreparable injury that would otherwise be suffered *pendente lite*, see, e. g., S. E. C. v. Capital Gains Research Bureau, 300 F.2d 745,

746 (2d Cir. 1961) rvsd on other grounds, 375 U.S. ——, 84 S.Ct. 275 (Dec. 1963); Foundry Services, Inc. v. Beneflux Corp., 206 F.2d 214 (2d Cir. 1953); Aeolian Co. v. Fischer, 29 F.2d 679 (2d Cir. 1928); American Mercury v. Kiely, 19 F.2d 295 (2d Cir. 1927), and that there is a reasonable probability of his success on the merits when the case is tried. See, e. g., Societe Comptoir De L'Industrie Catonniere Etablissements Boussac v. Alexander's Department Stores, Inc., 299 F.2d 33 (2d Cir. 1962); Yonkers Raceway, Inc. v. Standardbred Owners Association, 153 F.Supp. 552 (S.D.N.Y.1957); Davis Electronics Co. v. Channel Master Corp., 116 F.Supp. 919 (S.D.N.Y.1953).

■ Plaintiff has failed to satisfy both requirements inherent in its burden of proof. Although it claims irreparable injury, no evidentiary substantiation of that claim has been submitted. Only conclusory statements are contained in its moving papers.

■ Mere assertions of irreparable damage, absent prima facie supporting evidentiary facts, are insufficient to sustain the applicant's burden of proof.[1] Nadya, Inc. v. Majestic Metal Specialties, Inc., 127 F.Supp. 467 (S.D.N.Y. 1954). See, Joshua Meier Company, Inc. v. Albany Novelty Manufacturing Co., 236 F.2d 144, 148 (2d Cir. 1956).

In sharp contrast to plaintiff's failure to adduce facts, defendant has presented detailed facts evidencing its financial ability to respond in damages and the substantial financial loss that defendant would sustain if an injunction were granted. [See Brody opposing affidavit, par. "13"; Pearlman affidavit, par. "3".] See, Universal Major Electric App. v.

1. Absence of evidentiary facts is especially significant when, as in the instant case, the requested injunction would prevent competition from the party sought to be enjoined. With specific reference to this type of injunction, it has been pointed out:

"It serves to prevent the appellant from competing or from aiding others in competing with the appellee in the United States. The ordinary and natural result of such competition would be to dampen the sales of the appellee; but since any loss so caused could, if a wrong, be adequately redressed by money damages ascertainable upon proof, it does not constitute the irreparable injury necessary to justify an injunction pendente lite." Foundry Services, Inc. v. Beneflux Corp., 206 F.2d 214, 216 (2d Cir. 1953).

Universal Major Corp., 138 F.Supp. 745, 746–747 (S.D.N.Y.1956).

Plaintiff has also failed to establish prima facie a reasonable probability of success at the trial. The only evidence submitted by plaintiff with respect to the substantive merits of this case consists of examples of the packages in issue and the results of a survey (conducted by two of plaintiff's employees and one of plaintiff's attorneys) to demonstrate the likelihood of customer confusion.

The probative value of plaintiff's survey is seriously impaired by the following circumstances: (a) the survey was conducted exclusively by plaintiff's employees (Mr. Brown and Mr. Koll, plaintiff's sales representatives) and one of plaintiff's attorneys (Mr. Neff); (b) obviously leading questions were put to the interviewees; (c) the only interviewees were managers and other personnel of food stores and supermarkets; not a single ultimate consumer-customer (i. e., shopper) was interviewed.[2]

In the circumstances of this case, as revealed by the total record, the existence of some similarity between the packages in controversy does not suffice to satisfy plaintiff's burden of proof.

This motion also calls for an application of the rule that an injunction will not issue where the determinative issues of fact are involved in substantial doubt. See, McFarland v. Building Material Teamster Local 282, 180 F.Supp. 806, 809 (S.D.N.Y.1960); Yonkers Raceway, Inc. v. Standardbred Owners Association, 153 F.Supp. 552 (S.D.N.Y.1957); Singer Mfg. Co. v. Better Services Sewing Machine Co., Inc., 131 F.Supp. 146, 147 (S.D.N.Y.1955); American Radiator & Standard Sanitary Corp. v. Sunbeam Corporation, 125 F.Supp. 839 (S.D.N.Y.1954).

Among such issues in the present case are the following: (1) whether plaintiff has marketed its red package (Exhibits "A–1" and "F" referred to in the Neff affidavits) within the last three or four years (see opposing affidavits of Brody, par. "7", Levine, par. "8"); (2) whether defendant's packages are so imitative or similar as to cause customer confusion; (3) whether the essential features of plaintiff's packaging were in the public domain before plaintiff started to market its packages; and (4) whether diversity of citizenship exists between the parties.[3]

The Court is required to exercise its discretion.[4]

The motion is denied.

The findings and conclusions required by F.R.Civ.P., rule 52(a) are contained in this opinion. Settle order on notice, in accordance with F.R.Civ.P. 65(d).

---

2. Eighteen managers and other personnel of supermarkets and food stores were interviewed in the Washington, D.C. and Westchester County, N.Y. areas. Plaintiff has not submitted a single affidavit of an interviewee. As conducted, the survey was not designed to reach members of the purchasing public. This circumstance *inter alia* tends to impeach the value of the survey as evidence of the likelihood of confusion of the purchasing public with respect to a consumer product. Cf. Zippo Mfg. Co. v. Rogers Imports, Inc., 216 F.Supp. 670, 680–686 (S.D.N.Y.1963); Bonynge, Trademark Surveys and Techniques and Their Use in Litigation, 48 Amer.Bar Ass'n J. 329 (1962).

3. In its complaint, par. "2", plaintiff said that defendant's principal place of business is New York. In its memorandum, p. 1, plaintiff said defendant's main office is in Pennsylvania. Defendant claims its principal place of business is in New York. (Levine affidavit, par. "16".)

4. Carroll v. American Federation of Musics, 295 F.2d 484 (2d Cir. 1961); Carroll v. American Federation of Musics, 310 F.2d 325 (2d Cir. 1962); Heyman v. Ar. Winarick, Inc., 166 F.Supp. 880, 883 (S.D.N.Y.1958).