Richard D. GARLAND et al., Plaintiffs,

v.

Alvin R. RUSKIN, as Mayor of the City of New Rochelle and as a member of the City Council of the City of New Rochelle, et al., Defendants.

United States District Court
S. D. New York.

Dec. 28, 1965.

---

2. The basic facts involved in this question are outlined in the court's decision and order dated February 16, 1965.

Paul B. Zuber, New York City, for plaintiffs.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendants, Simon H. Rifkind, Morris B. Abram, and Gerald D. Stern, New York City, of counsel.

HERLANDS, District Judge.

Plaintiffs have moved for a temporary injunction to enjoin the defendants "from disposing of any more land in the Cedar Street redevelopment project" and "from allowing any further construction on the Cedar Street redevelopment project." In support of the application, plaintiffs have submitted only one affidavit, a five-page affidavit by the plaintiff Richard D. Garland.

The unverified complaint in the action prays for a decree enjoining defendants "from operating, maintaining and developing the Cedar Street redevelopment project in an arbitrary discriminatory manner," "from refusing to rent to plaintiffs and others of their classes in public housing units," "from disposing of any more land in the Cedar Street redevelopment project on the basis of selected sponsorships," and "from honoring any agreement entered into with any firm or organization in which they are selected on the basis of selected sponsorship." The complaint also prays for a decree directing defendants "to provide adequate housing for the plaintiffs and others of their class."

All of the material allegations of the complaint and moving affidavit have been denied by the defendants in their answer and in the opposing affidavits by Morris B. Abram, Arnold H. Mays (to which affidavit are attached Exhibits B to G) and Sarah Lederer (to which affidavit are attached Exhibits H to J).[1]

1. Defendants have cross-moved for a summary judgment dismissing the complaint. In that connection, they have submitted a statement under Rule 9(g) of the General Rules of this Court. Defendants recognize that their notice of the cross-motion was not seasonably served. Under said Rule 9(g), plaintiffs would be required to file a statement of the material facts "as to which it is contended that there exists a genuine issue to be tried." Under that rule, all material facts set forth in the defendants' statement herein would be deemed to have been admitted unless controverted by the statement required to be served by the plaintiffs. However, plaintiffs herein have not had the opportunity either to file the requisite Rule 9(g) statement or to file affidavits in opposition to the defendants' cross-motion for summary judgment. In view of these circumstances and as stated to counsel

In the exercise of its discretion, the court denies the plaintiffs' motion for a temporary injunction in all respects. The grounds of the court's action are set forth in the following findings of fact and conclusions of law, Fed.R.Civ.P. 52(a):

(1) There is substantial and serious doubt as to the legal sufficiency of the complaint.

(2) Plaintiffs' papers fail to demonstrate any reasonable possibility, let alone a likelihood, of their ultimate success on the merits.

(3) There is substantial and serious doubt as to whether the plaintiffs have standing to sue; whether this action involves a federal question and a violation of any federally protected right, privilege or immunity; and whether this court has jurisdiction over this action on any theory.

(4) There is no threat or danger of any injury to any plaintiff herein requiring or justifying the drastic relief of a temporary injunction as here sought.

(5) The issuance of a temporary injunction would cause grave hardship and possibly extreme injury to the City of New Rochelle and its vital urban renewal program. The balance of convenience and the general public interest involved weigh heavily in defendants' favor and against the granting of plaintiffs' motion.

(6) The allegations of wrongdoing or irregularities leveled by plaintiffs against the defendants are sharply disputed by the defendants. Plaintiffs' allegations are, for the most part, couched in conclusory language and are unsupported by any concrete evidence whereas the defendants' denials are specific, particularized and documented with credible supporting proof.

(7) There is substantial basis for the court to believe the facts as recited in the opposing affidavits of Arnold H. Mays and Sarah Lederer, who are the Urban Renewal Administrator and the Family Reorganization Supervisor of the City of New Rochelle, respectively, whereas the court seriously doubts the factual validity of the assertions contained in the moving affidavit.

(8) Although the complaint purports to invoke federal jurisdiction under 28 U.S.C. § 1343(3) ("Civil rights and elective franchise") and 42 U.S.C. § 1983 ("Civil action for deprivation of rights"), the record now before the court raises grave and serious doubt as to whether either of these provisions is applicable and whether this case even remotely has anything to do with the Fourteenth Amendment to the Constitution or any federally protected right, privilege or immunity.

(9) There is no credible evidence of any discrimination, bias, prejudice, civil rights violation or any irregularity by the defendants.

(10) In reality, the plaintiffs' motion is a scatter-gun challenge to various phases of the City of New Rochelle's urban renewal project, based on the plaintiffs' contention that the City of New Rochelle has not achieved or will not achieve all that had been contemplated by the urban renewal program or has acted unwisely or imprudently. Such charges, if true arguendo, would not create jurisdiction under the civil rights statutes here invoked by the plaintiffs.

(11) Plaintiffs' conclusory assertions—that defendants have acted on a discriminatory and arbitrary basis and have violated the due process and equal protection clauses of the Fourteenth Amendment—are not allegations of fact but are statements of legal conclusions.

(12) There is no credible evidence that plaintiffs' motion is a legitimate attempt to seek redress for the violation of a federally protected civil right of any plaintiff, nor is there any credible evidence tending to show that transactions which plaintiffs seek to enjoin are transactions in which they have any legitimate

upon the oral argument, the court will not consider the defendants' cross-motion. This non-consideration is, of course, without prejudice to the defendants' privilege of making a summary judgment motion in compliance with the applicable rules.

interest or with respect to which any right of any plaintiff has been violated. There is no credible evidence that the plaintiffs are interested in negotiating for or acquiring any parcel in the project or that they are interested in building within the area or that they have the means to develop any parcel in the project.

(13) The clear and convincing evidence now before the court indicates:

a. That a civil rights action is here being twisted into a belated and improper challenge to the efficacy, wisdom or desirability of the City of New Rochelle's urban renewal program;

b. That the urban renewal program in the respects criticized by the plaintiffs has in fact been approved by those responsible for supervising the program, including the Housing and Home Finance Agency and the New York State Commissioner of Housing and Community Renewal; and

c. That the defendants have properly used negotiated sales to dispose of urban renewal property, which method was authorized by federal and New York statutes and regulations, was fair and reasonable and in no way violative of the principle of equal protection of the laws.

■ The exercise of the court's discretion and the disposition of this motion are governed by the following general principles:

■ The drastic relief of an interlocutory injunction should not be granted to plaintiffs where its issuance would cause great and irreparable economic loss to the defendants and the plaintiffs' right to such relief is shrouded in substantial doubt. See Carroll v. American Federation of Musicians, 310 F.2d 325, 326 (2d Cir. 1962); Hudson Pulp & Paper Corp. v. Swanee Paper Corp., 223 F.Supp. 617, 619 (S.D.N.Y.1963); McFarland v. Building Material Teamsters Local 282, 180 F.Supp. 806, 809 (S.D.N.Y.1960); Singer Mfg. Co. v. Better Service Sewing Machine Co., Inc., 131 F.Supp. 146, 147 (S.D.N.Y.1955).

Such a denial of temporary injunctive relief is all the more appropriate where there is no clear and convincing proof that threatened irreparable injury will be inflicted on the moving party unless the court stays the other side's conduct. See SEC v. Capital Gains Research Bureau, 300 F.2d 745, 746 (2d Cir. 1961) (collecting cases).

■ There must be a clear balance of convenience in favor of the grant before a court will issue a preliminary injunction. Universal Major Electric App. v. Universal Major Corp., 138 F.Supp. 745, 747 (S.D.N.Y.1956).

■ The moving party must show probable success on the trial to entitle it to a temporary injunction. Heyman v. Ar. Winarick, Inc., 166 F.Supp. 880, 883 (S.D.N.Y.1958); C & C Super Corporation v. Newmark, 150 F.Supp. 458 (S.D.N.Y.1957); Nadya Inc. v. Majestic Metal Specialties, Inc., 127 F.Supp. 467, 468 (S.D.N.Y.1954).

"But substantial probability that the court will find a basis for federal jurisdiction, like the probability of a plaintiff's final success on the merits, is a crucial element necessary to justify the issuance of an injunction *pendente lite.*" A. H. Bull Steamship Co. v. National Marine Eng. B. Ass'n, 250 F.2d 332, 337 (2d Cir. 1957).

■ Where the probability of jurisdiction is doubtful and there is no showing of irreparable harm to the movants pending trial, there is no justification for issuing a preliminary injunction. A. H. Bull Steamship Co. v. National Marine Eng. B. Ass'n, supra at 338.

■ Dealing with more specifically applicable authorities in the particular area of civil rights, the court is of the opinion that the decisions make clear that, in the circumstances of this case as revealed by the motion papers, these plaintiffs do not have standing to challenge various phases of the City of New Rochelle's urban renewal project. See Gart v. Cole, 263 F.2d 244 (2d Cir. 1958), cert. denied, 359 U.S. 978, 79 S.Ct.

898, 3 L.Ed.2d 929 (1959). Nor do the plaintiffs' charges create jurisdiction under the civil rights statutes here invoked. See Pierre v. Jordan, 333 F.2d 951, 956–958 (9th Cir. 1964).

Finally, plaintiffs' conclusory assertions do not constitute legally sufficient factual allegations of violations of constitutional or similar rights. Cf. Walker v. Bank of America National Trust & Sav. Ass'n, 268 F.2d 16, 24, 25 (9th Cir. 1959); Oklahoma High School Athletic Association v. Bray, 321 F.2d 269, 273 (10th Cir. 1963); Powell v. Workmen's Compensation Bd., 327 F.2d 131, 137 (2d Cir. 1964).

This opinion shall constitute an order denying plaintiffs' motion for a temporary injunction in all respects.